IN RE: CUSTODY OF BRIAN KELLY STANCIL (69 J 206)
— AND —
IN THE MATTER OF CUSTODY OF BRIAN KELLY STANCIL
(70 CVD 4024)

No. 7110DC101
(Filed 31 March 1971)

1. Infants § 9; Parent and Child § 6— custody of child — award to grand-
   parent — sufficiency of evidence to support award

   The custody of a ten-year-old boy whose father had died was
   properly awarded to the boy's paternal grandmother rather than to
   his mother, where (1) the boy had been living with his father under
   a prior custody order; (2) the boy testified that he was afraid of his
   mother and that he preferred to live with the grandmother; and (3)
   there was competent evidence that the mother was receiving medical
   treatment for mental disorders. G.S. 50-13.2(a).

2. Infants § 9; Parent and Child § 6— custody of child — consideration of
   child's wishes

   Although a child's preference as to who shall have his custody is
   not controlling, the trial judge should consider the wishes of a ten-
   year-old child in making his determination.

3. Appeal and Error § 57— findings of fact — sufficiency of facts to sup-
   port the judgment

   The trial judge is not required to find all the facts shown by the
   evidence, it being sufficient if enough material facts are found to
   support the judgment.

4. Infants § 9; Parent and Child § 6— custody of child — improper award
   of visitation rights to the custodian of the child

   In an order awarding the custody of a ten-year-old boy to his
   paternal grandmother rather than to his mother, it was improper for
   the trial court to assign to the grandmother the right to determine
   when, where and under what conditions the mother could visit her
   son; and the order is remanded with instructions that the court itself
   establish the visitation rights of the mother.

5. Infants § 9; Parent and Child § 6— parent's visitation rights with
   child — natural and legal right — restrictions on the right

   The court should not deny a parent's natural and legal right to
   visit with his child at appropriate times unless the parent has forfeited
   the right or unless the exercise of the right would be detrimental to
   the child's welfare.

6. Infants § 9; Parent and Child § 6— award of visitation rights — non-
   delegable judicial function

   The awarding of visitation rights is a judicial function, the exer-
   cise of which should not be assigned to the custodian of the child.

APPEAL by Jacqueline I. Stancil from *Winborne, District Court Judge,* 10 August 1970 Session of District Court held in WAKE County.

On 19 March 1969 Larry Thurman Stancil (Mr. Stancil), husband of Jacqueline I. Stancil (Mrs. Stancil) and father of Brian Kelly Stancil (Brian), filed in Wake County a petition to have the court inquire into the custody of their minor child, Brian (69 J 206). On the same date the petition was filed Judge Preston, a district court judge, entered an order granting temporary custody of Brian to Mr. Stancil and directed that a copy of the order and petition be served on Mrs. Stancil.

On 5 May 1969 a hearing was held before Judge Preston, and he entered an order awarding the custody of Brian to Mr. Stancil, subject to certain visitation rights granted to Mrs. Stancil. The mother's right to visit with the child was limited to three hours on the second and fourth Sundays of each month "provided that at all times during said visits a suitable adult shall be present with Brian Kelly Stancil."

On 18 June 1969 Mrs. Stancil filed a motion in which she alleged a change in circumstances and sought an order giving her custody of Brian. Mr. Stancil filed an affidavit in answer to this motion alleging that Mrs. Stancil had violated an order dated "May 22 *(sic),* 1969" and was in willful contempt. (Mr. Stancil was apparently referring to the order of 5 May 1969.) A hearing was held before Judge Preston on 25 June 1969, following which he entered an order continuing the custody of Brian in Mr. Stancil and required Mr. Stancil to make monthly payments for the support of his wife and gave Mrs. Stancil certain visitation rights which were again limited to three hours on the second and fourth Sundays in the month, provided that such visits be made at the home of Mr. and Mrs. B. A. Porter and provided further that at the time of these visits, either Mr. or Mrs. B. A. Porter should be present with Brian.

On 29 November 1969 Mr. Stancil was killed in a hunting accident. On 3 December 1969 Mrs. Stancil filed a motion in the original proceeding in which she asked the court to place her son in her care and custody. Mrs. B. A. Porter, paternal grandmother of Brian, filed an answer opposing the motion. This motion was heard by Judge Bason on 29 December 1969, following which he entered an order giving Mrs. B. A. Porter the temporary custody of Brian pending a hearing on the merits.

Before any further proceedings in the original cause, Mrs. Stancil instituted what purported to be a new proceeding by filing a petition on 9 July 1970 alleging she was entitled to the full custody and control of Brian and prayed that an order issue giving her complete custody and control of her son (70 CVD 4024).

The cause was set for hearing in the District Court Division of the General Court of Justice of Wake County on 12 August 1970. When the cause came on for hearing before Judge Winborne, the parties stipulated and agreed that the two proceedings might be consolidated for the purpose of the hearing, following which the parties proceeded to offer evidence. On 9 September 1970 Judge Winborne, after finding facts and stating conclusions of law, entered an order granting the custody of Brian to his paternal grandmother, Mrs. B. A. Porter, and gave to Mrs. Stancil the right to visit with Brian "at such times and at such places and under such conditions as Mrs. Bruce A. Porter may deem proper for the best interest of the child."

Mrs. Stancil appealed, assigning error.

*W. A. Johnson for Jacqueline I. Stancil, appellant.*

*Ellis Nassif, and Boyce, Mitchell, Burns & Smith by F. Kent Burns for Mrs. B. A. Porter, appellee.*

MALLARD, Chief Judge.

[1] Mrs. Stancil makes several assignments of error, among them being that the competent evidence does not support the findings of fact; that the trial judge failed to find the facts as shown by the evidence; that the conclusions of law are incorrect; that prejudicial error was committed in awarding custody of Brian to the paternal grandmother; that the trial judge committed prejudicial error in giving the grandmother the right to say when the mother could visit the child; and in entering and signing the judgment.

[2] We do not deem it necessary for decision in this case to recapitulate the evidence. Suffice it to say that Brian, who was born 15 April 1960, testified that he was scared of his mother and expressed a preference to live with his grandmother, Mrs. B. A. Porter. A child's preference as to who shall have his custody is not controlling; however, the trial judge should consider

the wishes of a ten-year-old child in making his determination. *Kearns v. Kearns,* 6 N.C. App. 319, 170 S.E. 2d 132 (1969). In *James v. Pretlow,* 242 N.C. 102, 86 S.E. 2d 759 (1955), the rule is stated:

> "Where one parent is dead, the surviving parent has a natural and legal right to the custody and control of their minor children. This right is not absolute, and it may be interfered with or denied but only for the most substantial and sufficient reasons, and is subject to judicial control only when the interests and welfare of the children clearly require it. (citations omitted)
>
> ＊　　＊　　＊
>
> The wishes of a child of sufficient age to exercise discretion in choosing a custodian is entitled to considerable weight when the contest is between parents, but is not controlling. Where the contest is between a parent and one not connected by blood to the child, the desire of the child will not ordinarily prevail over the natural right of the parent, unless essential to the child's welfare." (citations omitted)

Under G.S. 50-13.2 (a), the trial judge, in a custody proceeding, shall award the custody of a minor child to such person, agency, organization or institution as will, in the opinion of the judge, best promote the interest and welfare of the child. The statute expresses the policy of the State that the best interest and welfare of the child is the paramount and controlling factor to guide the judge in determining the custody of a child.

In *Greer v. Greer,* 5 N.C. App. 160, 167 S.E. 2d 782 (1969), Judge Morris said:

> "In upholding the order of the trial court we recognize that custody cases generally involve difficult decisions. The trial judge has the opportunity to see the parties in person and to hear the witnesses. It is mandatory, in such a situation, that the trial judge be given a wide discretion in making his determination, and it is clear that his decision ought not to be upset on appeal absent a clear showing of abuse of discretion."

[1] In the years 1969 and 1970, two different judges heard evidence on three different occasions relating to the custody of Brian and denied Mrs. Stancil custody. Mrs. Stancil contends that the trial judge committed error in not finding that she

was a fit and suitable person to have the custody of Brian. We do not agree. In the judgment appealed from, the trial judge made extensive findings of fact, among which was the finding, based on competent evidence, that Mrs. Stancil was receiving medical treatment for mental disorders. The trial judge concluded that he was not able to find that Mrs. Stancil was a fit and suitable person to have custody of the child and that it was for the best interest and welfare of Brian that his custody be placed in the grandmother, Mrs. B. A. Porter.

Mrs. Stancil contends that some of the findings of fact are not supported by the evidence. We hold that in this case the *material* facts found by the trial judge are supported by competent evidence. Immaterial findings of fact are to be disregarded. *Sudan Temple v. Umphlett,* 246 N.C. 555, 99 S.E. 2d 791 (1957). In *Crosby v. Crosby,* 272 N.C. 235, 158 S.E. 2d 77 (1967), it is said:

> "The court's findings of fact as to the care and custody of children will not be disturbed when supported by competent evidence, even though the evidence be conflicting."

[3] Mrs. Stancil argues that the trial judge did not find the facts as shown by the evidence. The trial judge is not required to find *all* the facts shown by the evidence. *Lumber Co. v. Kincaid Carolina Corp.,* 4 N.C. App. 342, 167 S.E. 2d 85 (1969). It is sufficient if enough *material* facts are found to support the judgment. 1 Strong, N.C. Index 2d, Appeal and Error, § 57, pp. 227, 228.

Mrs. Stancil contends that the conclusions of law set out in the judgment are not correct. After finding facts, a conclusion of law is a proposition arrived at by the application of rules of law to the facts. In 53 Am. Jur., Trial, § 1132, a conclusion of law is said to be "(t)he conclusions drawn by the trial court in the exercise of its legal judgment from the facts found by it * * * ." We are of the opinion that the conclusions of law stated are adequate and are supported by the evidence. These support the order awarding the custody of Brian to Mrs. B. A. Porter.

In 3 Lee, N. C. Family Law, § 224, p. 24 (3d Ed. 1963), it is said that "(w)here there are unusual circumstances and the best interests of the child justifies such action, a court may refuse to award custody to either the mother or father and

instead award the custody of the child to grandparents or others." We do not think that under the circumstances of this case, the trial judge abused his discretion in awarding custody to the paternal grandmother. No medical evidence was offered by either of the parties. It is observed that an order for the custody of a minor child may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances. G.S. 50-13.7.

[4] Mrs. Stancil also contends (but cites no authority to support this contention) that the trial judge committed error in granting to Mrs. B. A. Porter the right to determine the times, places and conditions under which she could visit with Brian.

In 2 Nelson, Divorce and Annulment, § 15.26 (2d Ed. Rev. 1961), it is said:

"The right of visitation is an important, natural and legal right, although it is not an absolute right, but is one which must yield to the good of the child. A parent's right of access to his or her child will ordinarily be decreed unless the parent has forfeited the privilege by his conduct or unless the exercise of the privilege would injuriously affect the welfare of the child, for it is only in exceptional cases that this right should be denied. * * * But when it is clearly shown to be best for the welfare of the child, either parent may be denied the right of access to his or her own child. * * *

However, the feasible exercise of a parent's right of visitation should be safeguarded by a definite provision in the order or decree of the court awarding the custody of the child to another person. The order should not make the right of visitation contingent upon an invitation from the party having the custody of the child, or require the consent of one parent for the other to visit the child, or provide that the parent shall have the right of visitation only at such times as may be convenient to the party having the custody of the child, thereby leaving the privilege of visitation entirely to the discretion of the party having the child in custody. * * *

* * * In determining the conditions under which a parent may visit a child, the age, health and best interests of the child and the convenience of the party having the custody

of the child, as well as the nature of the relations existing between the visiting parent and the parties having possession of the child, are proper circumstances to be taken into consideration. Where it appears that difficulties and misunderstandings have arisen between the parties on account of attempts of a parent to visit a child, or that there are strong feelings of ill will existing between the parties, the court may properly require the visits to be made on neutral territory, such as the home of a third party, and may also permit the visits to be made out of the presence of the child's custodian and other persons who are unfriendly toward the visiting parent. As a further condition of retaining the custody of a child or enjoying the privilege of visitation, the court may prohibit each parent from attempting to poison the mind of the child against the other parent."

In the case of *Willey v. Willey,* 253 Iowa 1294, 115 N.W. 2d 833 (1962), the trial court, after a hearing, gave the custody of the two children born to the parties to the father and provided that the mother should only have such "rights of visitation * * * as in the father's judgment shall be reasonable and proper for the best interests of the child." The Iowa Supreme Court in Willey held that unless there was danger to the child, it was error to provide that the wife's right of visitation should be at the discretion of the husband, and said:

"The rule is well established in all jurisdictions that the right of access to one's child should not be denied unless the *court* is convinced such visitations are detrimental to the best interests of the child. In the absence of extraordinary circumstances, a parent should not be denied the right of visitation."

In *McCourtney v. McCourtney,* 205 Ark. 111, 168 S.W. 2d 200 (1943), it was held to be error to grant the father visitation rights only with the written permission of the mother.

[5] The weight of authority seems to be and we hold that a parent's right of visitation with his or her child is a natural and legal right and that when awarding custody of a child to another, the court should not deny a parent's right of visitation at appropriate times unless the parent has by conduct forfeited the right or unless the exercise of the right would be detrimental to the best interest and welfare of the child. The court should

not assign the granting of this privilege of visitation to the discretion of the party awarded custody of the child.

[6]  When the custody of a child is awarded by the court, it is the exercise of a judicial function. G.S. 50-13.2. In like manner, when visitation rights are awarded, it is the exercise of a judicial function. We do not think that the exercise of this judicial function may be properly delegated by the court to the custodian of the child. Usually those who are involved in a controversy over the custody of a child have been unable to come to a satisfactory mutual agreement concerning custody and visitation rights. To give the custodian of the child authority to decide when, where and under what circumstances a parent may visit his or her child could result in a complete denial of the right and in any event would be delegating a judicial function to the custodian.

When the question of visitation rights of a parent arises, the court should determine from the evidence presented whether the parent by some conduct has forfeited the right or whether the exercise of the right would be detrimental to the best interest and welfare of the child. If the court finds that the parent has by conduct forfeited the right or if the court finds that the exercise of the right would be detrimental to the best interest and welfare of the child, the court may, in its discretion, deny a parent the right of visitation with, or access to, his or her child; but the court may not delegate this authority to the custodian. On the other hand, if the court does not find that the parent has by conduct forfeited the right of visitation and does not find that the exercise of the right would be detrimental to the best interest and welfare of the child, the court should safeguard the parent's visitation rights by a provision in the order defining and establishing the time, place and conditions under which such visitation rights may be exercised. In doing so, the court must be controlled by the principle that the best interest and welfare of the child is the paramount consideration in determining the visitation rights, as well as in determining the right to custody, and that neither of these rights should be permitted to jeopardize the best interest and welfare of the child. *Swicegood v. Swicegood,* 270 N.C. 278, 154 S.E. 2d 324 (1967).

[4]  In the case before us the court did not find that Mrs. Stancil by her conduct had forfeited her right of visitation. Neither did it find that it would be detrimental to the best inter-

est and welfare of Brian for the mother to be permitted to visit him. On the contrary, the court found that Mrs. Stancil should be permitted to visit with the child, and it was therefore error for the court to fail to include in the custody order a provision defining and establishing the time, place and conditions under which such visitation rights might be exercised.

The result is that the order awarding custody of Brian to the grandmother, Mrs. B. A. Porter, is affirmed, and the provision therein "and further, that Mrs. Jacqueline I. Stancil shall visit with said child, Brian Kelly Stancil, at such times and at such places and under such conditions as Mrs. Bruce A. Porter may deem proper for the best interest of the child" is ordered stricken. This cause is remanded with instructions that the court shall hear such competent evidence as the parties may offer, make such findings and conclusions relating to visitation rights as are appropriate and enter such order or orders relating to the visitation rights of Mrs. Stancil as will, in the opinion of the judge, best promote the interest and welfare of Brian.

Affirmed in part and remanded with directions.

Judges PARKER and GRAHAM concur.