WINFRED BREWINGTON v. GLORIA SERRATO

No. 854DC128

(Filed 19 November 1985)

1. **Divorce and Alimony § 23— foreign child custody decree—jurisdiction of North Carolina court**

When a prior child custody order is pending or has been entered by a court of another state, the North Carolina court may exercise jurisdiction if it determines (1) that the court of the other state no longer has jurisdiction and North Carolina has jurisdiction under one of the four alternatives listed in G.S. 50A-3, or (2) the court of the other state did not exercise jurisdiction in substantial conformity with the Uniform Child Custody Jurisdiction Act and North Carolina has jurisdiction pursuant to G.S. 50A-3.

2. **Divorce and Alimony § 26.1— child custody—North Carolina not bound by Texas decree**

North Carolina was not bound by a Texas child custody order giving the mother custody where the Texas court failed substantially to comply with the jurisdictional requirements of the Uniform Child Custody Jurisdiction Act in that the father's pleadings should have put the Texas court on notice that the child was physically present in North Carolina, but the Texas court made no findings that Texas was the home state of the child, that Texas had been the child's home state within six months before commencement of the action, or that it was in the best interest of the child for Texas to assume jurisdiction because the child had a significant connection with that state. G.S. 50A-9(a).

3. **Divorce and Alimony § 23— jurisdiction to determine child custody—home state of child**

The district court properly found that North Carolina is the home state of a child so that it had jurisdiction to determine custody of the child under G.S. 50A-3(a)(1) where the child had been residing with its father in this state for more than six months; all the parties had lived together in Texas for one year, then returned to North Carolina for six months whereupon defendant mother took the child to Texas under the guise of a visit, and after her failed promise to return, plaintiff brought the child back to North Carolina where they have resided since July 1983; and the minor child has resided with plaintiff father since birth except during his six month visit to Texas.

4. **Divorce and Alimony § 23— jurisdiction to determine child custody—significant connection with North Carolina**

The district court's findings were sufficient to establish that a child and at least one parent had a significant connection with North Carolina so as to give the court jurisdiction under G.S. 50A-3(a)(2) to determine custody of the child where it found that the child has resided with the father in North Carolina since July 1983; the mother has not contacted the child for fifteen months or sent the child birthday or Christmas presents or cards; and most of the child's care has been in North Carolina and there is substantial evidence concerning the child's care here.

**5. Divorce and Alimony § 27— interstate child custody dispute—refusal to award attorney fees and travel expenses**

　　The trial court did not err in refusing to award defendant mother attorney fees and travel expenses in an interstate child custody dispute where the court determined that plaintiff had not violated a Texas child custody decree and that defendant was not entitled to enforcement of the Texas decree in this state.

**6. Divorce and Alimony § 25.12— child visitation—limitation of location—times agreed to by parties**

　　The trial court's finding that defendant mother had previously taken the parties' child to Texas under a false pretense and had subsequently refused to return him to North Carolina supported the court's limitation of defendant's visits with the child to plaintiff's home with others present. However, a provision permitting visitation "at such times as the parties may agree" was improper because it in effect gave plaintiff the exclusive power to deny defendant reasonable visitation with the child by withholding consent.

APPEAL by defendant from *Martin, James N., Judge.* Judgment entered 22 October 1984 in District Court, SAMPSON County. Heard in the Court of Appeals 18 September 1985.

Plaintiff commenced this action on 29 May 1984 seeking custody of his three-year-old son. Defendant, the child's mother, moved to dismiss the action on the grounds that the district court had no jurisdiction because a custody decree had been previously entered by a Texas court. She further requested that the Texas decree be given full faith and credit and that physical custody of the child be delivered to her.

The evidence before the District Court disclosed that plaintiff and defendant met and began living together in North Carolina in July 1980, and defendant thereafter became pregnant. In March 1981 defendant went to Texas due to her grandfather's illness. The minor child was born in Texas 14 July 1981. In August 1981 plaintiff joined defendant and their new born son in Texas. In July 1982, plaintiff obtained a better job in North Carolina, and the parties returned to this State with the child and continued to live together until January 1983.

In January 1983 defendant returned to Texas, taking the minor child with her. She told plaintiff that the trip was to be a temporary visit, again due to the illness of a relative. A month or two later, defendant informed plaintiff that she did not wish to return to North Carolina. In early July 1983, plaintiff went to

Texas and was informed again by defendant that she did not intend to return with him. Over her protests, plaintiff brought their son back to North Carolina. At that time, no custody proceeding had been initiated in either Texas or North Carolina.

On 21 July 1983, defendant commenced an action in the Texas court seeking a dissolution of her common law marriage to plaintiff and requesting that she be named managing conservator of the minor child. Under Texas law "a parent appointed managing conservator of the child retains all the rights, privileges, duties and powers of a parent to the exclusion of the other parent . . .", subject to rights of visitation. Tex. Fam. Code Ann. § 14.02(a) (Vernon Supp. 1982-83). Plaintiff was served in North Carolina and filed an answer and counterclaim in the Texas action, although he did not personally appear.

On 23 January 1984, a judgment was entered in the Texas court granting defendant a divorce and appointing her managing conservator of the minor child. Plaintiff was appointed possessory conservator, entitling him to visitation under Texas law, and was required to pay defendant $25.00 per week for child support. No appeal was taken from that judgment.

Thereafter, defendant took no steps to gain physical custody of the minor child or to enforce the Texas decree, until 17 October 1984 when she filed her response in the case *sub judice*. The minor child has resided in North Carolina with plaintiff at all times since early July 1983.

The trial court found that North Carolina had the right to exercise jurisdiction pursuant to the provisions of Chapter 50A of the North Carolina General Statutes and denied defendant's motions to dismiss. The trial court proceeded to award custody of the minor child to plaintiff. Defendant appeals.

*Warrick, Johnson & Parsons, P.A., by Benjamin R. Warrick for plaintiff appellee.*

*William M. Bacon, III for defendant appellant.*

MARTIN, Judge.

The dispositive issue on this appeal is whether the North Carolina court properly exercised jurisdiction in this interstate

child custody dispute in view of the prior Texas order awarding custody. We hold that because Texas failed to substantially comply with the provisions of the Uniform Child Custody Jurisdiction Act (UCCJA), North Carolina was not bound by the Texas order. We affirm the judgment of the District Court.

The first question for our determination is whether Texas exercised jurisdiction in substantial conformity with the Uniform Child Custody Jurisdiction Act. *Jerson v. Jerson*, 68 N.C. App. 738, 315 S.E. 2d 522 (1984). North Carolina and Texas have both adopted substantially similar versions of the UCCJA. See G.S. 50A-1 to -25; Tex. Fam. Code Ann. §§ 11.51-11.73 (Vernon Supp. 1982-83).

[1] When a North Carolina court is considering jurisdiction in a custody proceeding and a prior order is pending or has been entered by a court of another state, the North Carolina court may exercise jurisdiction if it determines (1) that the court of the other state no longer has jurisdiction and North Carolina has jurisdiction under one of the four alternatives listed in G.S. 50A-3, or (2) the court of the other state did not exercise jurisdiction in substantial conformity with the UCCJA and North Carolina has jurisdiction pursuant to G.S. 50A-3. *See Hart v. Hart*, 74 N.C. App. 1, 327 S.E. 2d 631 (1985); *Davis v. Davis*, 53 N.C. App. 531, 281 S.E. 2d 411 (1981). "Under the UCCJA, a court may properly enforce a child custody order *only if* the jurisdictional requirements of G.S. 50A-3 . . . are met." *Copeland v. Copeland*, 68 N.C. App. 276, 278, 314 S.E. 2d 297, 299 (1984) (emphasis added) (out-of-state court failed to comply with notice requirement of G.S. 50A-4, -5). This Court has stated that where an action is "pending in another state, the trial court must answer the threshold question of whether the other state" exercised jurisdiction in substantial conformity with Chapter 50A. *Davis, supra* at 539-40, 281 S.E. 2d at 416. In *Davis* the court held a California decree null and void where the record failed to show that the California court exercised jurisdiction pursuant to the standards set forth in G.S. 50A-3.

North Carolina has adhered to the view that a trial court in assuming jurisdiction of custody matters must make specific findings of fact supporting its action. *See Jerson v. Jerson, supra.* In *Jerson* we stated, "[w]e have held conclusory recitations by courts

of other states insufficient and fairness and uniform application of the UCCJA demand the same specificity of our courts." *Id.* at 740-41, 315 S.E. 2d at 524.

[2]   The minor child was not in Texas at the time defendant commenced her action there for divorce and custody. N.C.G.S. 50A-9 (a), and its Texas counterpart, Tex. Fam. Code Ann. § 11.59 (Vernon Supp. 1982-83), require that certain information be presented to the court under oath:

> Every party in a custody proceeding in such party's first pleading or in an affidavit to that pleading shall give information under oath as to the child's present address, the places where the child has lived within the last five years, and the names and present addresses of the persons with whom the child has lived during that period.

G.S. 50A-9(a). An obvious purpose of this requirement is to enable the court to determine whether it should properly exercise jurisdiction, under the UCCJA, of a child custody dispute. The information required by the statute was not presented to the Texas court in any form. The petition filed by defendant in the Texas action alleged only that the minor child was born 14 July 1981 in Texas and that he was not under the continuing jurisdiction of any other court. The petition failed to disclose any basis for the exercise of jurisdiction by the Texas court.

Plaintiff filed a response to the Texas action, and motions for continuance. From these pleadings, it was apparent that the child was physically located in North Carolina with plaintiff. These pleadings should have placed the Texas court on notice that a jurisdictional question existed; however, the Texas decree made no findings of fact to support its exercise of jurisdiction in determining the custody of the child. The "Decree for Divorce" simply identified the child by name, sex, birthplace and birthdate, and appointed defendant as managing conservator and plaintiff as possessory conservator. There were no findings that Texas was the home state of the minor child, or had been the child's home state within six months before the commencement of the action, or that it was in the best interests of the child for Texas to assume jurisdiction because the child had a significant connection with that state. Therefore, we hold that the North Carolina trial court correctly found and concluded that the Texas court had not

assumed jurisdiction over the custody determination in substantial conformity with the UCCJA, or upon a finding of factual circumstances meeting the jurisdictional requirements of Chapter 50A. Since the Texas court had not properly assumed jurisdiction, our courts are not bound to recognize and enforce the Texas judgment. G.S. 50A-13.

We turn, then to the second question, i.e., whether the district court in this state properly exercised jurisdiction to determine custody of the child. G.S. 50A-3 provides that a court of this state has jurisdiction to make a child custody determination if:

(1) This (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child's home state within six months before commencement of the proceeding and the child is absent from this State because of the child's removal or retention by a person claiming the child's custody or for other reasons, and a parent or person acting as parent continues to live in this State; or

(2) It is in the best interest of the child that a court of this State assume jurisdiction because (i) the child and the child's parents, or the child and at least one contestant, have a significant connection with this State, and (ii) there is available in this State substantial evidence relevant to the child's present or future care, protection, training, and personal relationships . . . .

*See also Hart v. Hart,* 74 N.C. App. 1, 327 S.E. 2d 631 (1985). First, we consider whether North Carolina was the home state of the child. " 'Home state' means the state in which the child immediately preceding the time involved lived with the child's parents, a parent, . . . for at least six consecutive months . . . ." G.S. 50A-2(5).

[3] The trial court found that North Carolina was the home state of the minor child, Buddy Brewington, in that he had been residing within the State for more than six months. The court then proceeded in its findings to enumerate the places where the parties had lived and the duration; all parties lived together in Texas for one year then returned to North Carolina for six months, whereupon defendant took the child to Texas under the guise of a visit and after her failed promise to return, plaintiff brought his

son back to North Carolina where they have resided since July 1983. The court's finding number 10 specifically pointed out that the minor child had resided with the plaintiff since birth except during his six month visit to Texas.

[4] We find that these facts sufficiently established that North Carolina was the home state of the child. Additionally, the court went on to consider the significant connection test. The court found that the defendant had not contacted the child for fifteen months, or sent him birthday or Christmas presents or cards. A strong bond was found to exist between the plaintiff and his son, they went fishing, plaintiff and the child resided with the plaintiff's parents, while the plaintiff was at work the child had proper adult supervision, most of the child's care has been in North Carolina and that there is substantial evidence concerning the child's care here. The court noted that the mother was on welfare and that the plaintiff had a steady job. The court found that both parties were fit and proper parents but determined that the child's best interests dictate that custody be awarded to the father. These findings were sufficient to establish that the child and at least one parent had a significant connection with North Carolina. *Hart v. Hart, supra* (significant connection found to exist where parties and their minor children had lived in North Carolina approximately 1½ years before the wife took the children to Florida, and North Carolina had been last state where parties had lived together as a family).

We find that the district court's exercise of jurisdiction over the matter, pursuant to G.S. 50A-3(a)(1) & (2) was supported by proper findings of fact and conclusions of law and was appropriate. Defendant's motion to dismiss was properly denied.

[5] Defendant also assigns error to the court's refusal to award her attorneys' fees and travel expenses pursuant to G.S. 50A-15. Since the court determined that plaintiff had not violated the Texas decree and defendant was not entitled to its enforcement in North Carolina, we perceive no abuse of discretion in the failure of the trial court to award these expenses.

[6] Defendant also contends that the trial court erred in failing to award fixed visitation to her. The court granted defendant visitation privileges in North Carolina at the plaintiff's home with others present "at such times as the parties may agree." Defend-

ant asserts, without citing authority, that the court abused its discretion because the effect of its order was to deny her any visitation.

In order to justify severe restrictions on visitation such as those granted by the court in this case, specific findings of fact must be made. *Sloop v. Friberg*, 70 N.C. App. 690, 320 S.E. 2d 921 (1984). The trial court found that defendant had previously taken the minor child to Texas under a false pretense and had subsequently refused to return him to North Carolina. We believe this to be a sufficient and appropriate factual finding to support the court's limitation as to the location of visitation. *See Johnson v. Johnson*, 45 N.C. App. 644, 263 S.E. 2d 822 (1980).

However, we cannot approve the provision permitting visitation "at such times as the parties may agree." As a practical matter, this provision effectively gives plaintiff the exclusive power to deny defendant reasonable visitation with the child by withholding his consent. An order giving the custodial parent exclusive control over visitation will not be sustained. *In re Stancil*, 10 N.C. App. 545, 179 S.E. 2d 844 (1971). This Court in *Stancil* explained that the award of visitation rights is a judicial function which may not be delegated to the custodial parent; "Usually those who are involved in a controversy over the custody of a child have been unable to come to a satisfactory mutual agreement concerning custody and visitation." *Id.* at 552, 179 S.E. 2d at 849.

The trial judge stated that, considering the distance and expense involved in defendant's visitation, he felt that counsel could formulate a more satisfactory plan for visitation than could the court. He indicated that he would approve any reasonable visitation upon which the parties could agree. It is apparent from the order, however, that no satisfactory arrangement was agreed upon. Once the parties failed to agree, it was the duty of the trial judge to safeguard defendant's right to visitation by including a provision in the order specifying visitation periods. Because the judge failed to do so, we must remand this case to the District Court of Sampson County with instructions that the court, upon notice to both parties, conduct a hearing and enter an order specifying the times when defendant may visit with the child in plaintiff's home.

Affirmed in part.

Remanded with instructions.

Judges WEBB and BECTON concur.