ROGER SIMMONS AND WIFE, JUDITH SIMMONS, PLAINTIFFS V.
EMILY SIMMONS ARRIOLA, DEFENDANT

No. COA02-1344

(Filed 21 October 2003)

1. **Child Support, Custody, and Visitation— custody—visitation—substantial change in circumstances—best interests of child—extension of temporary order**

The trial court did not err in a child custody case between plaintiff maternal grandparents and defendant mother by specifying visitation provisions that were not contained in the initial custody order entered on 17 July 1998 and by modifying other provisions of the mediated consent order without applying the substantial change in circumstances standard and instead using the best interests of the child standard, because: (1) the initial order in the present case does not specify visitation periods, and therefore, is incomplete and cannot be considered final; (2) the order's language providing for regular review coupled with the court's failure to completely determine the issue of visitation periods for defendant shows the order was temporary; (3) the circumstances of this case, in which defendant is recovering from a traumatic brain injury that was anticipated to improve over time, provided a compelling reason to sustain the temporary order; and (4) the periodic reviews of defendant's medical condition and the subsequent setting of specific visitation periods were necessary to ensure that defendant's status as a full legal parent was preserved.

SIMMONS v. ARRIOLA

[160 N.C. App. 671 (2003)]

2. **Appeal and Error— motion to dismiss appeal—timeliness of filing brief**

    Plaintiff maternal grandparents' motion to dismiss defendant mother's appeal in a child custody case is allowed under N.C. R. App. P. 13(c), because: (1) defendant's brief as an appellant was untimely filed; and (2) defendant sought no extension of time to file her appellant's brief.

Appeals by plaintiffs and defendant from order entered 5 July 2002 by Judge Jimmy L. Myers in Iredell County District Court. Heard in the Court of Appeals 10 September 2003.

> *Pope, McMillan, Kutteh, Simon & Privette, P.A., by Charles A. Schieck, for plaintiffs-appellants.*

> *Homesley, Jones, Gaines & Dudley, by Edmund L. Gaines, for defendant-appellee.*

MARTIN, Judge.

Plaintiffs, who are defendant-mother's parents and the maternal grandparents of the two minor children involved in this proceeding, brought this action seeking custody of defendant's two minor daughters, Katherine, age 10, and Kristin, age 9, and for child support. Pursuant to a mediated consent order entered 17 July 1998, the district court found that due to a traumatic brain injury suffered by defendant, she was "currently unable, because of her condition and through no fault of her own, to ensure the complete safety and welfare of the children." Accordingly, the court ordered, with defendant's consent, that plaintiffs and defendant would have joint custody of the children, with plaintiffs to have primary physical custody and defendant to have "reasonable and liberal visitation," including physical and telephone access to the children that does not "disrupt the children's school or social activities." The court ordered that plaintiffs consult with defendant regarding all major decisions affecting the children's health, education, and welfare and that defendant make no major decision regarding the children without plaintiffs' concurrence. The order further provided:

> 7. <u>LONG-RANGE GOAL</u>: It is the long-range goal to return the children to full participation in their lives with the Mother, and for the Mother to have full participation in the children's lives.

8. REGULAR REVIEW: This agreement shall be reviewed regularly, at a minimum, annually, to ensure that the Mother gains more rather than less participation in the children's lives as the years pass. Any of the parties may request a review by the Court if the goal is not being met, or if any other question arises under this agreement.

On 13 April 1999, plaintiffs filed a motion seeking review of the custody arrangement and alleging the parties had reached an impasse regarding custody and visitation. On 28 May 1999, the court entered a consent order in which the parties agreed to the appointment of an independent expert to conduct a custody evaluation to assist the court. Following a surfeit of motions, counter-motions, and responses filed by the parties, extending over approximately fifty-five pages of the record before this Court, the matter was heard on 8, 9 and 10 February 2000 and on 30 June 2000. On 25 August 2000, the district court entered an order in which it concluded, *inter alia*, that there had been no substantial change in circumstances affecting the welfare of the children sufficient to justify modification of the mediated consent order and that it was in the best interests of the minor children that primary physical custody should remain with the plaintiffs. The court granted visitation to defendant from 20 July 2000 until the beginning of school in the fall of 2000, and thereafter on alternating weekends and for three-quarters of all holidays from school. All other provisions of the mediated consent order, including the provision requiring periodic reviews, were left in effect.

Defendant filed additional motions seeking a change of custody which were denied by orders dated 12 March 2001 and 5 July 2002. In the latter order, the court specifically concluded that it was reviewing the 17 July 1998 mediated consent order. The court found that defendant's present husband had exhibited serious anger management problems, had directed profanity at the minor children, had engaged in other conduct which had placed the minor children in fear, and that the environment at defendant's residence was not suitable as a primary residence. Citing *Price v. Howard*, 346 N.C. 68, 484 S.E.2d 528 (1997), the court concluded that the 17 July 1998 consent order was temporary in nature and thus, the defendant had a constitutionally protected status as the children's natural parent. However, requiring the children to remain in her residence exposed to domestic violence constituted conduct inconsistent with that status. Accordingly, the court applied a "best interests of the children" standard to its review

of the consent order rather than a presumption of custody with the natural parent or "a substantial change in circumstances affecting the welfare of the children" standard. Notwithstanding, the court concluded both that there had been no substantial change in circumstances affecting the welfare of the minor children and that it was in the best interests of the children to remain in the primary physical custody of plaintiffs. The provisions of the prior order requiring periodic review were left in effect; however, the prohibition against defendant transporting the children in her car was eliminated and defendant was granted additional visitation for the summer of 2002, with any visitations missed by defendant during the summer of 2002 as a result of the children's school or church functions to be made up on a "day-for-day" basis during the school year. Both plaintiffs and defendant gave notice of appeal from the 5 July 2002 order.

I.

[1] In their appeal, plaintiffs contend the district court erred by specifying visitation provisions that were not contained in the initial custody order entered on 17 July 1998 and by modifying other provisions of the mediated consent order without applying the "substantial change in circumstances" standard and without finding such a change in circumstances. See N.C. Gen. Stat. § 50-13.7(a) (2001) (child custody orders may not be modified without a showing of changed circumstances by either party). After careful consideration, we reject their argument.

The same standards that apply to changes in custody determinations are also applied to changes in visitation determinations. See Clark v. Clark, 294 N.C. 554, 575-76, 243 S.E.2d 129, 142 (1978) (holding that "visitation privileges are but a lessor degree of custody"); Lamond v. Mahoney, 159 N.C. App. 400, 402-03, 583 S.E.2d 656, 658 (2003). If a child custody or visitation order is considered final or permanent, the court may not make any modifications to that order without first determining that there has been a "substantial change in circumstances" in the case. LaValley v. LaValley, 151 N.C. App. 290, 292, 564 S.E.2d 913, 914-15 (2002). However, if a child custody or visitation order is considered temporary, the applicable standard of review for proposed modifications is "best interest of the child," not "substantial change in circumstances." Id.

An order is considered temporary only if it either (1) states a "clear and specific reconvening time" that is reasonably close in prox-

imity to the date of the order; or (2) does not determine all the issues pertinent to the custody or visitation determination. *Brewer v. Brewer*, 139 N.C. App. 222, 228, 533 S.E.2d 541, 546 (2000). A trial court's mere designation of an order as "temporary" is not determinative. *Id.* In this case, the initial 1998 consent order provided that due to the defendant-mother's traumatic brain injury, the "reasonable and liberal" visitation granted defendant was to be "monitored and reviewed on a regular basis to ensure that the Mother gains more rather than less participation in the children's lives as the years pass." The order set forth that such reviews shall be conducted "regularly, and at a minimum, annually." The initial order also made no determination as to how "reasonable and liberal visitation" should be interpreted or carried out.

In *Brewington v. Serrato*, this Court ruled that a provision in a child custody order permitting visitation "at such times as the parties may agree" could not be sustained. 77 N.C. App. 726, 733, 336 S.E.2d 444, 449 (1985). The Court held that a trial court is obligated to include in all final visitation orders a provision specifying actual visitation periods. *Id.* The initial order in the present case does not specify visitation periods and, therefore, is incomplete and cannot be considered final. The language providing for regular review coupled with the court's failure to completely determine the issue of visitation periods for defendant persuades us that the 17 July 1998 order was a temporary order.

Our holding that the 17 July 1998 order was a temporary order should not be interpreted as approval of the use of temporary orders that are indefinite in nature or are effective for unreasonably long periods of time, absent a compelling reason. It is the public policy of this State that in all cases where it is practicable, child custody orders should be entered as permanent or final so as to avoid the "turmoil and insecurity" that children face from constant litigation of their custody status. *See Pulliam v. Smith*, 348 N.C. 616, 620, 501 S.E.2d 898, 900 (1998); *Brewer*, 139 N.C. App. at 228, 533 S.E.2d at 546 (order that set a reconvening date more than a year after its issuance was permanent where there were no unresolved issues). However, the circumstances of this case, in which defendant is recovering from a traumatic brain injury that was anticipated to improve over time, provide such a compelling reason. Defendant's injury and inability to care for her children is recited as the sole reason for her relinquishment of custody in the 17 July 1998 order. While this case falls at the outer boundaries of sustainable temporary orders, the periodic

reviews of defendant's medical condition and the subsequent setting of specific visitation periods were necessary to ensure that her status as a "full legal parent" was preserved. Under such circumstances, the extended nature of the temporary order was appropriate. Therefore, we hold the district court did not err in applying the "best interests of the child" standard, instead of the "substantial change in circumstances" standard, and in modifying the provisions of the 17 July 1998 order.

## II.

[2] Defendant also gave notice of appeal from the 5 July 2002 order, contending the trial court erred in ruling that her conduct was inconsistent with her constitutionally protected status as a natural parent. Plaintiffs have moved to dismiss her appeal for failure to comply with Rule 13(a) of the North Carolina Rules of Appellate Procedure, which requires that an appellant file and serve an appellant's brief within thirty days after the printed record on appeal has been mailed to the parties by the clerk of the appellate court to which the appeal has been taken. N.C. R. App. P. 13(a).

In the present case, the printed record was mailed to the parties by the clerk of this Court on 30 October 2002. Plaintiffs-appellants' brief was timely filed on 29 November 2002, the date upon which it was mailed to the clerk and to defendant's counsel, as evidenced by the certificate of service, and it was received by the clerk on 2 December 2002. *See* N.C. R. App. P. 26(a)(1). No appellant's brief was filed by defendant. On 20 December 2002, defendant moved for an extension of time to file her *appellee's* brief, which motion was granted and she was allowed to file the appellee's brief on or before 28 January 2003. On 27 January 2003, a document entitled "Defendant-Appellant's Brief" was filed by mail with the clerk and plaintiffs' counsel, and was received by the clerk on 28 January 2003. The document contained two arguments in response to those contained in the plaintiffs-appellants' brief, and one argument in support of the three assignments of error asserted by defendant in the record on appeal.

Although defendant's arguments, as appellee, in response to the assignments of error asserted by plaintiffs in their appeal were timely filed, her argument in support of the assignments of error asserted by her as an appellant are not timely presented in the brief which she filed on 27 January 2003. Her brief as an appellant was due thirty days after the record on appeal was mailed by the clerk;

she has sought no extension of time to file her appellant's brief. Plaintiffs' motion, made as appellees, to dismiss defendant's appeal is therefore allowed. N.C. R. App. P. 13(c).

Plaintiffs' appeal:

Affirmed.

Defendant's appeal:

Dismissed.

Judges BRYANT and GEER concur.