MANUELA LENZ MILLER, PLAINTIFF v. FREDERICK MAX MILLER, DEFENDANT

No. COA09-311

(Filed 22 December 2009)

**1. Child Custody, Support, and Visitation— temporary custody order—did not become permanent order**

A temporary child custody order did not become a permanent custody order by operation of law. Competent evidence supported the trial court's finding that the custody matter had not become dormant after the temporary order was entered.

**2. Child Custody, Support, and Visitation— temporary custody order—best interest of the child**

The trial court did not err by modifying a temporary child custody order without finding that a substantial change of circumstances had occurred because the applicable standard of review for a temporary custody order is the best interest of the child.

Appeal by defendant from judgment entered 24 October 2008 by Judge Linda V.L. Falls in Guilford County District Court. Heard in the Court of Appeals 3 November 2009.

*C. Richard Tate, Jr. and Katherine Freeman, PLLC, by Katherine Freeman, for defendant-appellant.*

*No brief filed by plaintiff-appellee.*

BRYANT, Judge.

Defendant Frederick Miller appeals from a child custody order entered 24 October 2008 in Guilford County District Court. For the reasons stated herein, we affirm.

Defendant and Plaintiff Manuela Miller married on 24 May 1998. One child was born of the marriage on 10 March 1999. The couple separated on 19 February 2006. On 13 January 2006, in High Point, North Carolina, plaintiff filed a complaint for divorce from bed and board and child custody.

On 26 May 2006, the trial court entered a consent order awarding the parties temporary joint custody of the child. Plaintiff was awarded physical custody eight nights out of each two week interval

and defendant was awarded the remaining six nights. The order specified that the issue of final child custody, alimony, additional attorney fees, and equitable distribution of marital property would remain pending until resolved by the trial court.

On 23 January 2007, defendant filed an "Answer, Defense, and Counterclaim" to plaintiff's original complaint for child custody. Following a hearing held 14-16 May 2008, the trial court, on 24 October 2008, entered a permanent child custody order. The trial court ordered that plaintiff retain physical custody of the child during the school year and that defendant have physical custody during the summer months. Defendant appeals.

On appeal, defendant raises the following issues: whether the trial court erred by (I) finding and concluding that the temporary child custody order had not become a permanent custody order as of May 2008; (II) by applying the best interest standard; and (III) in overruling the consent order.

## I and II

[1] Defendant argues the trial court committed reversible error by concluding that the 26 May 2006 consent order remained a temporary order two years after it was entered at the time of the May 2008 trial on child custody. Defendant contends that the 26 May 2006 consent order became a permanent custody order by operation of law. As such, the trial court should have considered a change in the custody provisions only upon a finding of a substantial change in circumstances, rather than the best interest of the child. We disagree.

> Our trial courts are vested with broad discretion in child custody matters. This discretion is based upon the trial courts' opportunity to see the parties; to hear the witnesses; and to detect tenors, tones, and flavors that are lost in the bare printed record read months later by appellate judges. . . . In addition to evaluating whether a trial court's findings of fact are supported by substantial evidence, [an appellate court] must determine if the trial court's factual findings support its conclusions of law.

*Martin v. Martin*, 167 N.C. App. 365, 367, 605 S.E.2d 203, 204 (2004) (citation omitted).

Under North Carolina General Statutes, section 50-13.7(a), "an order of a court of this State for custody of a minor child may be modified or vacated at any time, upon motion in the cause and a showing

of changed circumstances by either party or anyone interested." N.C. Gen. Stat. § 50-13.7(a) (2007). "[A] decree of custody is entitled to such stability as would end the vicious litigation so often accompanying such contests, unless it be found that some change of circumstances has occurred affecting the welfare of the child so as to require modification of the order." *Pulliam v. Smith,* 348 N.C. 616, 620, 501 S.E.2d 898, 900 (1998) (citation omitted). "However, if a child custody or visitation order is considered temporary, the applicable standard of review for proposed modifications is 'best interest of the child,' not 'substantial change in circumstances.'" *Simmons v. Arriola,* 160 N.C. App. 671, 674, 586 S.E.2d 809, 811 (2003) (citation omitted).

"There is no absolute test for determining whether a custody order is temporary or final." *LaValley v. LaValley,* 151 N.C. App. 290, 292, 564 S.E.2d 913, 915 (2002). "A temporary order is not designed to remain in effect for extensive periods of time or indefinitely . . . ." *Id.* at 293, 564 S.E.2d at 915 n.5. "Temporary custody orders resolve the issue of a party's right to custody pending the resolution of a claim for permanent custody." *Brewer v. Brewer,* 139 N.C. App. 222, 228, 533 S.E.2d 541, 546 (2000) (citation omitted). "An order is considered temporary only if it either (1) states a 'clear and specific reconvening time' that is reasonably close in proximity to the date of the order; or (2) does not determine all the issues pertinent to the custody or visitation determination." *Simmons,* 160 N.C. App. at 674-75, 586 S.E.2d at 811 (citation omitted). This Court has held that where the reconvening time is potentially over a year away, the interval between the two hearings is not reasonably brief. *See Brewer,* 139 N.C. App. at 228, 533 S.E.2d at 546. However, "all custody orders are from their very nature temporary and founded upon conditions and circumstances existing at the time of the hearing." *Brandon v. Brandon,* 10 N.C. App. 457, 460, 179 S.E.2d 177, 179 (1971) (citation omitted). Where a party is attempting to have the matter heard within a reasonable period of time, that party should not lose the benefit of a temporary order. *See LaValley,* 151 N.C. App. at 293, 564 S.E.2d at 915 n.5.

Here, on 26 May 2006, the trial court entered a consent order wherein it concluded that "[t]he parties are entitled to have the [trial] court order the terms agreed upon by them and set out in decrees in resolution of all issues between them, as the same are fair, just and appropriate . . . ." The trial court ordered that plaintiff and defendant have temporary joint custody of their minor child. The order sched-

ules custody of the minor child over two week intervals and holidays applicable to the ensuing years and summer vacation in the year 2006. Barring holidays and vacations, plaintiff had physical custody eight days out of fourteen and defendant had physical custody the remaining six days. The order considers how the minor child's passport was to be held, how school clothes and supplies were to be transferred between parents, and the manner in which medical care was to be recorded and communicated to the non-present parent. The order created a schedule for child support payments and designated defendant as the party responsible for maintaining the child's medical, dental, and prescription drug insurance coverage. The order did not specify a reconvening time. The trial court heard arguments from each party and, at the hearing, announced that the parties were to continue under the consent order. On 22 September 2006, the trial court entered an order in accordance with its oral statements. On 5 October 2006, plaintiff filed a motion to amend the 22 September order. This was granted 15 June 2007. On 29 December 2006, plaintiff filed a motion to compel mediation or in the alternative, for the court to waive child custody mediation. Plaintiff alleged that defendant had not participated in child custody mediation scheduled in April 2006, May 2006, and October 2006. On 23 January 2007, defendant filed an answer to plaintiff's 13 January 2006 complaint seeking child custody. On 11 May 2007, plaintiff again filed a motion for modification of the 26 May 2006 order. On 29 May 2007, defendant filed a motion to compel plaintiff to submit to psychiatric and psychological examinations. On 13 July 2007, pursuant to plaintiff's motion, the trial court modified the 26 May 2006 Consent Order to grant plaintiff three weeks of physical custody in order for plaintiff to take the minor child on a trip to Germany. On 14 through 16 May 2008, a trial was held on plaintiff's complaint seeking child custody filed 13 January 2006.

On 24 October 2008, the trial court entered a child custody order in which it found that the case had not been dormant as the parties had continued to pursue claims for child custody. The trial court determined that the 26 May 2006 consent order had not become a permanent order but remained temporary. After considering the evidence presented at the hearing and on the record, the trial court concluded that it was in the best interest of the minor child that plaintiff retain physical custody of the child during the school year and defendant have physical custody during the summer months.

We hold that there is competent evidence to support the trial court's finding that the child custody matter did not lie dormant after

**IN RE S'N.A.S., S'L.A.S., & S'R.A.S.**

[201 N.C. App. 581 (2009)]

the 26 May 2006 consent order was entered and this finding supports the trial court's conclusion that the 26 May 2006 consent order remained a temporary order. Therefore, the trial court did not err in utilizing the best interest of the child standard to establish child custody rather than reviewing the evidence for a substantial change in circumstances. *See Simmons*, 160 N.C. App. at 674, 586 S.E.2d at 811. Accordingly, defendant's assignments of error are overruled.

### III

**[2]** Next, defendant argues that the trial court erred by overruling the 26 May 2006 consent order by entering the 24 October 2008 child custody order absent finding a substantial change in circumstances. We disagree.

> If a child custody or visitation order is considered final or permanent, the court may not make any modifications to that order without first determining that there has been a substantial change in circumstances in the case. However, if a child custody or visitation order is considered temporary, the applicable standard of review for proposed modifications is best interest of the child, not substantial change in circumstances.

*Simmons*, 160 N.C. App. at 674, 586 S.E.2d at 811 (internal citations and quotations omitted). Accordingly, we overrule defendant's assignment of error.

Affirmed.

Judges WYNN and McGEE concur.