An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of A p p e l l a t e   P r o c e d u r e .

NO. COA13-803

NORTH CAROLINA COURT OF APPEALS

Filed: 18 February 2014

JOHN T. MOORE, JR.,
    Plaintiff,

v.

SUSAN J. MOORE,
    Defendant.

Henderson County
No. 05 CVD 2007

Appeal by defendant from order entered 19 March 2013 by Judge Mack Brittain in Henderson County District Court. Heard in the Court of Appeals 10 December 2013.

    *PRINCE, YOUNGBLOOD & MASSAGEE, PLLC, by Boyd B. Massagee, Jr., for plaintiff.*

    *Donald H. Barton, for defendant.*

ELMORE, Judge.

On 4 February 2013, Susan J. Moore (defendant) filed a motion for change of custody, praying the trial court to enter an order granting her visitation with her minor children. In response, John T. Moore, Jr. (plaintiff) filed a motion to dismiss pursuant to N.C.R. Civ. P. 12(b)(6). On 19 March 2013,

Judge Mack Brittain granted plaintiff's motion and dismissed the action, concluding as a matter of law that 1) he was without authority to modify the 28 June Order, and 2) that plaintiff failed to allege in her motion for modification a substantial change in circumstances sufficient to warrant modification of the Order. Defendant now appeals. After careful consideration, we reverse the trial court's order and remand for further action consistent with this opinion.

## I.   Factual Background

The parties to this action were married on 14 July 2001 and separated on 30 June 2012. Two children were born of the marriage, the first in 2002 and the second in 2004. Plaintiff initiated this action in 2005 seeking, *inter alia*, custody of the children under Chapter 50 of the North Carolina General Statutes.

The parties entered into their most recent child custody consent order (the Order) on 28 June 2012, and it is the terms of this Order that are relevant to this appeal. The Order placed the minor children in the permanent sole custody of plaintiff with the marital home sequestered for the benefit of plaintiff and the children. The Order does not include any findings of fact as to whether granting defendant visitation

would be in the children's best interests. In fact, it is completely silent on the issue of visitation. Defendant reviewed the terms and thereafter signed the Order *pro se*.

On 9 August 2012, defendant, through counsel, filed a Rule 60(b) motion to set aside the Order, alleging duress and undue influence. On 11 October 2012, the trial court denied the motion, concluding that defendant's poor life choices, not any improper action by plaintiff, led to the issuance of the Order. Defendant neither timely appealed the entry of the June 2012 custody Order nor the trial court's denial of her Rule 60(b) motion.

## II. <u>Motion for Change of Custody</u>

Defendant argues that the trial court erred in dismissing her motion for modification of custody. Specifically, she contends that, on its face, her motion alleged a substantial change in circumstances sufficient to allow for a hearing on the merits. We agree that the trial court erred; however, we reject defendant's argument. The dispositive question before us is whether the Order on which defendant's motion for modification of custody rests is permanent or temporary.

We have classified custody orders as being either "temporary" or "permanent." However, the term "permanent" is

slightly misleading, because "[a]fter an initial custody determination, the trial court retains jurisdiction of the issue of custody until the death of one of the parties or the emancipation of the youngest child." *McIntyre v. McIntyre*, 341 N.C. 629, 633, 461 S.E.2d 745, 748 (1995). "[W]hether an order is temporary or permanent in nature is a question of law, reviewed on appeal *de novo*." *Smith v. Barbour*, 195 N.C. App. 244, 249, 671 S.E.2d 578, 582 *disc. review denied*, 363 N.C. 375, 678 S.E.2d 670 (2009) (emphasis added). "The same standards that apply to changes in custody determinations are also applied to changes in visitation determinations." *Simmons v. Arriola*, 160 N.C. App. 671, 674, 586 S.E.2d 809, 811 (2003).

Permanent child custody orders can only be modified if the trial court finds there has been a substantial change in circumstances affecting the welfare of the child and that the modification is in the child's best interests. *Woodring v. Woodring*, ___, N.C. App. ___, ___, 745 S.E.2d 13, 18 (2013). Alternatively, a temporary order may be modified solely upon the trial court finding that such proposed modification is in the "best interests of the child." *Arriola*, 160 N.C. App. at 674, 586 S.E.2d at 811. Thus, the party moving for modification of a

temporary order need not allege a "substantial change in circumstances." *Id.* at 674, 586 S.E.2d at 811.

An order is temporary if it either (1) states a "clear and specific reconvening time" that is reasonably close in proximity to the date of the order; or (2) does not determine all the issues pertinent to the custody or visitation determination. *Brewer v. Brewer*, 139 N.C. App. 222, 228, 533 S.E.2d 541, 546 (2000). Temporary orders may become permanent by operation of time. *Anderson v. Lackey*, 163 N.C. App. 246, 254-55, 593 S.E.2d 87, 92 (2004). However, "a temporary custody order that does not set an ongoing visitation schedule *cannot* become permanent by operation of time." *Woodring*, ___ N.C. App. at ___, 745 S.E.2d at 19 (emphasis added).

The granting of visitation rights is a judicial function which may not be delegated to the custodial parent. *In re Custody of Stancil*, 10 N.C. App. 545, 552, 179 S.E.2d 844, 849 (1971). Accordingly, we charge the trial court with safeguarding "[t]he feasible exercise of a parent's right of visitation" by including "a definite provision [for visitation] in the order or decree of the court awarding the custody of the child to another person." *Id.* at 550, 179 S.E.2d at 848; *see also Brewington v. Serrato*, 77 N.C. App. 726, 733, 336 S.E.2d 444, 449 (1985)

(concluding that a general provision permitting visitation "at such times as the parties may agree" cannot be sustained because it "effectively gives plaintiff the exclusive power to deny defendant reasonable visitation with the child by withholding his consent"); *Arriola*, *supra*, (finding that the parties' initial custody order was not final because it failed to specify visitation periods).

In this case, the trial court did not include a visitation provision in the Order and, therefore, it has not determined all of the issues. As such, the Order has remained temporary, making the applicable standard of review the "best interests of the child" standard, not a "substantial change in circumstances" standard. *Arriola*, *supra*. Accordingly, defendant was only required to allege that it was in the children's best interests to modify the Order to provide for visitation. She did so in paragraph 3 of her motion: she "has a suitable home for the minor children and it would be in the best interest[s] of the minor children that they have visitation with their mother. Defendant is a fit and proper person to have visitation with the minor children."

Contrary to Judge Brittain's conclusion, the trial court does, in fact, have authority to modify the Order. *See Arriola*,

160 N.C. App. at 676, 586 S.E.2d at 812 (holding the district court did not err in applying the "best interests of the child" standard, instead of the "substantial change in circumstances" standard, and in modifying the provisions of the temporary child custody consent order). We remand this case to the District Court of Henderson County with instructions to conduct a hearing and enter an order specifying reasonable visitation. *Serrato*, 77 N.C. App. At 733, 336 S.E.2d at 449 (remanding to district court for modification of a temporary child custody order upon concluding that "it was the duty of the trial judge to safeguard defendant's right to visitation by including a provision in the order specifying visitation periods"). The trial court shall utilize the "best interests of the child" standard to establish reasonable visitation. Again, barring extraordinary circumstances, a parent should not be denied the right of visitation. However, if the trial court determines that defendant should be denied reasonable visitation, the written order shall include findings of fact specifying that defendant is unfit to visit the children or that granting visitation rights would not be in the children's best interests. N.C. Gen. Stat. § 50-13.5(i) (2013).

## III. Conclusion

For the abovementioned reasons, the trial court erred in dismissing plaintiff's action. The Order is a temporary child custody order subject to modification by the trial court upon finding that the proposed modification is in the children's best interests. Accordingly, we reverse and remand to the trial court for further action consistent with this opinion.

Reversed and remanded.

Judges McGEE and HUNTER concur.

Report per Rule 30(e).