MONTY AND MARSELLA MATTHEWS v. DONALD M. PRINCE

No. 875DC881

(Filed 21 June 1988)

1. Appeal and Error § 45.1— no arguments or citations—assignment of error overruled

Four of plaintiffs' assignments of error in an appeal from an order that plaintiffs' contract and promissory note were null and void were overruled where plaintiffs failed to include any argument or cite any authorities.

2. Fraud § 12— defense to contract and promissory note action—reliance on misrepresentation—evidence sufficient

In an action to enforce a promissory note and contract arising from the sale of plaintiffs' business, Water Distillers, tried without a jury, there was sufficient evidence to support the court's finding that defendant relied on plaintiff Monty Matthews' representation that Water Distillers had a distributionship agreement with Durastill of the Carolinas, Inc. and that such a representation was a prime consideration for entering into the contracted agreement.

3. Fraud § 12— action on contract and promissory note—defense of fraud—evidence sufficient to support finding of fraud

In an action on a promissory note and a contract arising from the sale of plaintiffs' business, tried without a jury, there was sufficient evidence to support the court's conclusion that plaintiffs defrauded defendant where defendant relied on fraud as a defense to contract enforceability and there was competent testimonial evidence which showed that plaintiff Monty Matthews represented to defendant that Water Distillers, Inc., the company whose stock defendant was attempting to purchase, had a distributorship agreement with Durastill of the Carolinas; that Monty Matthews knew at the time he made this representation that the distributionship agreement was held individually and not by the corporation; that Monty Matthews knew that the distributionship agreement was a prime consideration for defendant entering into the contract and thus intended and expected him to rely on the representation; and finally, that defendant did in fact rely upon the representation and the contract was rendered worthless to him as a result.

APPEAL by plaintiffs from *Tucker, Elton G., Judge.* Judgment entered 15 April 1987 in District Court, NEW HANOVER County. Heard in the Court of Appeals 29 February 1988.

*David F. Tamer for plaintiffs-appellants.*

*Johnson & Lambeth, by Carter T. Lambeth, for defendant-appellee.*

JOHNSON, Judge.

Plaintiffs commenced this civil action on 25 May 1984 to enforce collection of sums due under a promissory note.

On or about 31 October 1983, defendant executed and had delivered to plaintiffs a promissory note in the amount of twenty-thousand dollars ($20,000.00) with interest thereon at the rate of ten percent (10%) per annum. The note was executed pursuant to a written contract for the sale of all plaintiffs' stock in a business known as Water Distillers, Inc., as well as an exclusive franchise agreement and distributorship rights.

Water Distillers, Inc., was engaged in the business of selling water distillers, water softeners, and other related chemicals. Monty Matthews originally held a distributorship from Durastill of the Carolinas, Inc., in his individual capacity, which gave him the exclusive right to sell Durastill products in forty-one (41) eastern North Carolina counties.

After the execution of the stock purchase agreement and delivery of the promissory note, defendant learned that the distributorship agreement and exclusive franchise agreement were not the property of Water Distillers, Inc. Despite efforts by defendant to have the distributorship and franchise agreement transferred to Water Distillers, Inc., Monty Matthews failed to provide, or transfer the distributorship agreement to the corporation. Defendant subsequently stopped payment on the check and refused to honor the agreement, contending that his refusal to pay the sums due under the contract was due to Matthews' alleged breach of contract.

When the matter came on for hearing, the trial court determined that the contract and promissory note dated 31 October 1983 were procured by a fraudulent misrepresentation. Monty Matthews had represented to defendant that Water Distillers, Inc. had a distributorship agreement with Durastill of the Carolinas, Inc. for the exclusive distribution and sale of Durastill products in eastern North Carolina. The court concluded that due to the misrepresentation, upon which defendant relied as a prime consideration for having entered into the contract, the contract as well as the promissory note were both null and void, and the plaintiffs were to have and recover nothing of defendant.

From this order, plaintiffs appeal.

On appeal, plaintiffs present seven questions for review which can be basically summarized in one issue: whether the trial court erred in decreeing that both the contract and the promissory note executed thereto were null and void because they were procured by Monty Matthews' fraudulent misrepresentation, upon which defendant relied, that Water Distillers, Inc. had a distribution agreement with Durastill of the Carolinas, Inc. We find no error.

[1] We note at the outset that plaintiffs have failed to include any argument or cite any authorities with respect to assignments of error one, four, five and six. Rule 28(b)(5) of the N.C.R. App. P., states that an appellant's brief shall contain, "[a]n argument, to contain the contention of the appellant with respect to each question presented," and that "[t]he body of the argument shall contain citations of the authorities upon which the appellant relies." In the assignments of error noted, plaintiffs have merely restated the questions presented along with the pertinent exceptions. This is insufficient to constitute an argument on the questions, and we therefore overrule the aforementioned assignments of error. *State v. Jones*, 63 N.C. App. 411, 420, 305 S.E. 2d 221, 226 (1983).

[2] By their second assignment of error plaintiffs contend that the trial court erred in finding as a fact that defendant relied upon Monty Matthews' representation that Water Distillers, Inc. had a distributionship agreement with Durastill of the Carolinas, Inc. and that such a representation was a prime consideration for entering into the contractual agreement.

Findings of fact are conclusive on appeal where they are supported by competent evidence in the record, *Poole v. Gentry*, 229 N.C. 266, 49 S.E. 2d 464 (1948); although evidence which could have supported a finding to the contrary may exist. *Knutton v. Colfield*, 273 N.C. 355, 160 S.E. 2d 29 (1968).

The examination of the record reveals that competent evidence exists to support the contested finding of fact.

On direct examination by Mr. Fred Rogers, defendant testified as follows:

Q. What representations did he [Monty Matthews] make to you concerning ownership and distribution agreements?

A. He just told me that all the paperwork had been done; all the paperwork had been done from Durastill of the Carolinas.

And I trusted him. I took him at his word. And I found out that had not been done.

Q. Was that your major consideration on your part in buying the stock?

MR. EUBANKS: OBJECTION. It calls for a conclusion.

THE COURT: OVERRULED.

A. Yes, it was. Because that was probably the only thing they had that could compete in the marketplace, the distillers. And I was very concerned about the distributorship agreement that would protect us in this area. And he had assured me that the paperwork had been done. And as soon as I found out that the paperwork hadn't been done transferring from him, as an individual to the corporation, that is when I stopped payment on the check.

. . .

Q. With reference to the portion of the business that was related to the sale of the distillers, did he [Monty Matthews] describe that and make representation to you about it?

A. Yes. I discussed with the stockholder Bill Parham, and also discussed this with Monty, and that was about 75 or 80% of the business, because the other equipment was not competitive in the marketplace. The other equipment being water softeners. It was very apparent to me that we could not compete with Culligan. And without that distributorship agreement permitting the corporation to sell distillers, we really didn't have a whole lot.

. . .

Q. Mr. Prince, exactly what representations were made by Mr. Matthews to you [that] turned out not to be as stated and untrue?

A. I was told the paperwork had been done, transferring the distributorship from Monty Matthew (sic) as a sole proprietor to Water Distillers as a corporation. I took him at his word. There were no stock certificates issued at the time of the contract. I took him at his word even though I never found

the stock certificates, just like I never found the distributorship agreements.

We find that this testimonial evidence was ample to sustain the trial court's finding of fact. "When trial by jury is waived and issues of fact are tried by the court, . . . [t]he trial judge becomes both judge and juror, and it is his duty to consider and weigh all the competent evidence before him. . . . He passes upon the credibility of the witnesses and the weight to be given their testimony and the reasonable inferences to be drawn therefrom. If different inferences may be drawn from the evidence, he determines which inferences shall be drawn and which shall be rejected." *Knutton, supra* at 359, 160 S.E. 2d at 33 (citations omitted).

[3] In assignment of error number three, plaintiffs contend that the trial court erred in concluding as a matter of law that plaintiff Monty W. Matthews, defrauded the defendant. They essentially argue that defendant simply did not establish each of the requisite elements of fraud. Again, we find no error and in so doing, restate this Court's scope of review; to sustain the conclusions of law and findings of fact if they are supported by competent evidence. *Id.*

A case of actionable fraud requires the party to allege and prove that a representation relating to some material past or present fact was made; that the person who made the representation knew of its falsity at the time of its making, or recklessly made the representation without knowledge of its truth or falsity; that the party made the representation with the intent that it would be relied upon; and that the complaining party reasonably relied upon the representation to his detriment. *Ragsdale v. Kennedy*, 286 N.C. 130, 209 S.E. 2d 494 (1974).

There was competent testimonial evidence adduced at trial which showed that Monty Matthews represented to Donald Prince that Water Distillers, Inc., the company whose stock defendant was attempting to purchase, had a distributorship agreement with Durastill of the Carolinas; that Monty Matthews knew at the time he made this representation that the distributorship agreement was held individually and not by the corporation; that Monty Matthews knew that the distributorship agreement was a prime consideration for defendant entering into the contract, and

thus intended and expected him to rely upon the representation; and finally, that defendant did in fact rely upon the representation and the contract was rendered worthless to him as a result.

It is important to note here that defendant did not bring an independent action based upon fraud, but did rely upon fraud as a defense to contract enforceability. It is well-settled that a contract or any other instrument is vitiated by a proven allegation that the instrument in question was procured through fraud. *Cowart v. Honeycutt*, 257 N.C. 136, 125 S.E. 2d 382 (1962).

We therefore find that there is plenary evidence in the record to support the conclusion of law that Monty Matthews defrauded defendant, and do not accept his suggestion that defendant's allegation of fraud fails because he was not reasonably diligent in ascertaining the truth or falsity of the representation by conducting an investigation. It has been held that, "[w]e are not inclined to encourage falsehood and dishonesty by protecting one who is guilty of such fraud on the ground that his victim had faith in his word, and for that reason did not pursue inquiries which would have disclosed the falsehood." *Johnson v. Owens*, 263 N.C. 754, 757, 140 S.E. 2d 311, 313 (1965), *quoting White Sewing Machine Co. v. Bullock*, 161 N.C. 1, 9, 76 S.E. 634, 637 (1912). In *Johnson, supra*, as in the case *sub judice*, the prospective purchaser's diligent and specific inquiries were met with convincing falsehoods.

In light of our previous discussion on plaintiffs' assignments of error numbered two and three, we are convinced that we have amply treated the question raised by assignment of error number seven.

It is for these reasons that we affirm the decision rendered by the trial court.

Affirmed.

Chief Judge HEDRICK and Judge ORR concur.