FRANCES WATSON v. JOB WALDO WATSON

No. 886DC506

(Filed 4 April 1989)

**Divorce and Alimony § 23— child custody—subject matter juris-
diction—filing of statement under oath required**

    Though it is the better practice for district court judges
to require a statement to be filed under oath as required
by N.C.G.S. § 50A-9 by the parties seeking custody before
the court undertakes a custody determination, the trial court
in this case properly tried and determined subject matter
jurisdiction.

APPEAL by defendant from *Long, Nicholas, Judge.* Order en-
tered 15 February 1988 in HALIFAX County District Court. Heard
in the Court of Appeals 13 February 1989.

On 31 March 1987, plaintiff wife filed a complaint against de-
fendant husband seeking divorce from bed and board, alimony,
custody of the parties' minor children and child support. Following
a hearing, by order of 10 July 1987, the trial court, Judge McCoy
presiding, awarded plaintiff child support, alimony, and custody
of their minor child, Jennifer. Defendant did not appeal from that
order.

On 28 January 1988, defendant filed a motion in the cause
seeking relief from Judge McCoy's order, asserting that the trial
court lacked jurisdiction to enter the order. By order dated 15
February 1988, Judge Long denied defendant's motion. Defendant
appeals from that order.

*Josey, Josey & Hanudel, by C. Kitchin Josey, for plaintiff-
appellee.*

*Moore, Diedrick, Carlisle & Hester, by J. Edgar Moore, for
defendant-appellant.*

WATSON v. WATSON

[93 N.C. App. 315 (1989)]

WELLS, Judge.

To put this appeal in context we first note that although defendant's 28 January 1988 motion stated that it was made "pursuant to Rule 60 and Rule 12(b) of the Rules of Civil Procedure" and asserted that the trial court lacked jurisdiction to hear the case and enter its judgment of 10 July 1987, the motion failed to set out any basis or reason as to why the trial court lacked jurisdiction. In his brief, however, defendant argues that the jurisdictional flaw was plaintiff's failure to comply with the requirements of N.C. Gen. Stat. § 50A-9(a) (1984), which we note is a portion of the North Carolina Uniform Child Custody Jurisdiction Act (Uniform Act), G.S. §§ 50A-1 to -25 (1984). Although neither defendant's motion nor defendant's brief make any reference to subject matter jurisdiction, it would appear that plaintiff and Judge Long treated defendant's motion as challenging the trial court's subject matter jurisdiction.

Next, to put this appeal in better context, we quote the sections of the Uniform Act which we consider pertinent to this appeal.

§ 50A-2.   *Definitions.*

As used in this Chapter:

. . .

(5) "Home state" means the state in which the child immediately preceding the time involved lived with the child's parents, a parent, or a person acting as parent, for at least six consecutive months, . . . .

§ 50A-3.   *Jurisdiction.*

(a) A court of this State authorized to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:[1]

(1) This State (i) is the home state of the child at the time of commencement of the proceeding . . . .

§ 50A-9.   *Information under oath to be submitted to the court.*

---

1. G.S. § 7A-244 (Cum. Supp. 1988) confers general subject matter jurisdiction in the District Court Division of the General Court of Justice for the trial of civil actions and proceedings for, *inter alia*, child custody and support.

**WATSON v. WATSON**

[93 N.C. App. 315 (1989)]

(a) Every party in a custody proceeding in such party's first pleading or in an affidavit attached to that pleading shall give information under oath as to the child's present address, the places where the child has lived within the last five years, and the names and present addresses of the persons with whom the child has lived during that period. In this pleading or affidavit every party shall further declare under oath whether:

(1) Such party has participated as a party, witness, or in any other capacity in any other litigation concerning the custody of the same child in this or any other state;

(2) Such party has information of any custody proceeding concerning the child pending in a court of this or any other state; and

(3) Such party knows of any person not a party to the proceedings who has physical custody of the child or claims to have custody or visitation rights with respect to the child.

(b) If the declaration as to any of the above items is in the affirmative the declarant shall give additional information under oath as required by the court. The court may examine the parties under oath as to details of the information furnished and as to other matters pertinent to the court's jurisdiction . . . .

(c) Each party has a continuing duty to inform the court of any custody proceeding concerning the child in this or any other state of which such party obtained information during this proceeding.

We next put this appeal in a more detailed procedural context. Following defendant's 28 January 1988 motion, on 2 February 1988 plaintiff submitted interrogatories to defendant, which were answered as follows:

1. Do you know of any action in connection with custody and child support involving the plaintiff and defendant and minor children, Sterling Watson and/or Jennifer Watson, which was pending in any court of this jurisdiction or any other jurisdiction on March 30, 1987?

ANSWER: No.

2. What legal grounds do you base your claim that the Court did not have jurisdiction to enter the July 10, 1987 Order?

ANSWER: N.C.G.S. 50A-9 requires certain information which was not provided in this action.

In her verified complaint, plaintiff alleged that she was a resident of Halifax County and had been a resident of that county for more than one year preceding the institution of her action. This was admitted in defendant's answer.

In an affidavit filed 15 February 1988 plaintiff provided information which showed that North Carolina was Jennifer's home state, and also supplied the remaining information required under G.S. § 50A-9.

Following a hearing held on 15 February 1988, Judge Long entered his order denying defendant's motion. Judge Long made extensive findings of fact, the most pertinent of which is as follows:

5. That North Carolina is now and was at the time of the commencement of the proceeding the home state of both minor children involved in this action; that it is in the best interest of each of the children which are the subject of this action that a Court of this State should assume jurisdiction because the children and the children's parents have a significant connection with this State, to-wit: both parents were at the time of the bringing of this action residents of Halifax County, North Carolina; that both children were physically present in Halifax County, North Carolina, and there was at the time of the bringing of the action available in North Carolina substantial evidence relevant to the children's present or future care, protection, training and personal relationships and that no other state would have jurisdiction under the prerequisites substantially in accordance with paragraphs (1) and (2) of G.S. 50A-3.

Judge Long's order contained the following conclusion of law:

THAT BASED UPON THE FOREGOING FINDINGS OF FACT, THE COURT CONCLUDES AS A MATTER OF LAW:

1. That the District Court of Halifax County under the provisions of GS 50-A(3) [sic] had jurisdiction and has jurisdiction to make a child custody determination in this matter and the Order heretofore entered on July 10, 1987 by this Court was and is valid.

We next note that in his brief defendant takes no exception to Judge McCoy's order as it pertains to alimony and does not except to any of Judge Long's findings of fact or his conclusion of law, but only argues that the trial court erred "by assuming jurisdiction of a child custody suit without first requiring a statement to be filed under oath as required by N.C.G.S. 50A-9(a)."

While we recommend that it would be the better practice for District Court judges to require conformity with the provisions of G.S. § 50A-9 by the parties seeking custody before undertaking a custody determination, we nevertheless affirm Judge Long's order. The question of subject matter jurisdiction having been tried and correctly determined below, we therefore reject defendant's argument.

While this case has every aspect of a routine North Carolina child custody and support action, this litigation and appeal should serve to emphasize to the trial bar the requirements of the Uniform Act as it affects subject matter jurisdiction in child custody actions. *See also* our opinion in *Hart v. Hart*, 74 N.C. App. 1, 327 S.E. 2d 631 (1985).

The order of the trial court appealed from is

Affirmed.

Chief Judge HEDRICK and Judge LEWIS concur.