SHERRY DANIELS PHEASANT, PLAINTIFF v. MATTHEW McKIBBEN, DEFENDANT

No. 9030DC1

(Filed 2 October 1990)

1. **Divorce and Alimony § 23 (NCI3d)— child custody—information as to child's address and residence—not provided—subject matter jurisdiction**

    The trial court's failure to require full compliance with N.C.G.S. § 50A-9, which requires parties in a custody proceeding to file information including the child's past and present addresses and residences, did not defeat the court's subject matter jurisdiction. The purpose of requiring this information is to assist the court in deciding if it can assume jurisdiction; while the better practice is to require conformity with the provisions of the statute by the party seeking custody before undertaking a custody determination, the trial court here correctly exercised jurisdiction.

    **Am Jur 2d, Divorce and Separation §§ 963, 964.**

2. **Divorce and Alimony § 26 (NCI3d)— child custody—Georgia decree—jurisdiction in North Carolina**

    The trial court in a child custody action correctly determined that North Carolina was the home state, thereby meeting

one of the bases of jurisdiction under N.C.G.S. § 50A-3, where the children had resided in North Carolina for all but ten months of the two-year period prior to this action; the ten-month period when the children resided with defendant in Georgia was a temporary absence under the statutes; plaintiff states in her complaint that she resided in North Carolina for the entire period; there was sufficient evidence to enable the trial court to conclude that the children and one of the parents have a significant connection with the state; and there is "substantial evidence relevant to the children's present or future care, protection, training, and personal relationships" in North Carolina.

Am Jur 2d, Divorce and Separation § 1145.

Validity, construction, and application of Uniform Child Custody Jurisdiction Act. 96 ALR3d 968.

3. **Divorce and Alimony § 26 (NCI3d) — child custody — Georgia decree — North Carolina jurisdiction**

The North Carolina court did not err by assuming jurisdiction in a child custody action and modifying a Georgia decree even though there was no evidence that Georgia had declined to exercise jurisdiction where Georgia's version of the UCCJA conforms to North Carolina's version, the trial court correctly determined that North Carolina is the home state, the children and plaintiff had a significant connection to North Carolina, and there is substantial relevant evidence in North Carolina.

Am Jur 2d, Divorce and Separation § 1145.

Validity, construction, and application of Uniform Child Custody Jurisdiction Act. 96 ALR3d 968.

4. **Rules of Civil Procedure § 60.1 (NCI3d) — child custody — motion alleging lack of subject matter jurisdiction — Rule 60 motion considered while appeal pending**

The trial court did not err by denying plaintiff's motion under N.C.G.S. § 1A-1, Rule 60(b) alleging lack of subject matter jurisdiction where the trial court correctly exercised jurisdiction. A trial court may correctly consider a Rule 60(b) motion which is filed while an appeal is pending in order to indicate how it would rule were the appeal not pending.

Am Jur 2d, Appeal and Error § 352; Divorce and Separation § 968.

APPEAL by plaintiff from order entered 2 August 1989 by *Judge John J. Snow, Jr.*, in SWAIN County District Court. Heard in the Court of Appeals 24 August 1990.

Pursuant to an agreement incorporated into a divorce decree entered in Superior Court of Gwinnett County, Georgia, on 12 February 1987, plaintiff was granted permanent custody of the two minor children, and her husband was granted visitation. At the time of the decree, both plaintiff and defendant were residing in Georgia. In March 1987, plaintiff moved with the children to Cherokee, North Carolina, where she remarried.

In April 1988, defendant, while in North Carolina to pick up the children for a scheduled visitation, became aware of incidents of domestic violence between plaintiff and her husband. Defendant sought and was granted temporary custody by the Juvenile Court of Gwinnett County, Georgia, and the children moved to Georgia with the defendant. The order granting temporary custody was rescinded on 25 January 1989, and the children were returned to plaintiff in North Carolina.

Plaintiff filed this civil action on 16 March 1989 seeking modification of the order of the Georgia court to terminate or limit defendant's visitation privileges. Defendant counterclaimed seeking custody of the children. The case was heard on 27 July 1989 with the court granting the change of custody and directing modification of the 1987 Georgia decree by returning the children to Georgia.

From this order, plaintiff appeals.

*A. Marshall Basinger, II, for plaintiff-appellant.*

*Matthew McKibben, defendant-appellee, pro se.*

ORR, Judge.

The issue on appeal is whether the trial court erred in exercising subject matter jurisdiction to modify the Georgia custody decree granting custody to plaintiff pursuant to North Carolina's version of the Uniform Child Custody Jurisdiction Act (UCCJA), N.C. Gen. Stat. §§ 50A-1 to -25 (1989). For the reasons set forth below, we affirm the order of the trial court modifying the Georgia decree.

[1] In her first assignment of error, plaintiff argues that the defendant did not comply with the requirements of N.C. Gen. Stat. § 50A-9 and that plaintiff only partially complied, such that the

trial court erred in exercising jurisdiction. N.C. Gen. Stat. § 50A-9 provides in relevant part:

> (a) Every party in a custody proceeding in such party's first pleading or in an affidavit attached to that pleading shall give information under oath as to the child's present address, the places where the child has lived within the last five years, and the names and present addresses of the persons with whom the child has lived during that period. In this pleading or affidavit every party shall further declare under oath whether:
>
> (1) Such party has participated as a party, witness, or in any other capacity in any other litigation concerning the custody of the same child in this or any other state;
>
> (2) Such party has information of any custody proceeding concerning the child pending in a court of this or any other state; and
>
> (3) Such party knows of any person not a party to the proceedings who has physical custody of the child or claims to have custody or visitation rights with respect to the child.

The purpose of requiring that this information be filed under oath is to assist the court in deciding if it can assume jurisdiction. *Brewington v. Serrato*, 77 N.C. App. 726, 730, 336 S.E.2d 444, 447 (1985). In *Watson v. Watson*, 93 N.C. App. 315, 319, 377 S.E.2d 809, 811 (1989), the Court noted that "we recommend that it would be better practice for District Court judges to require conformity with the provisions of G.S. § 50A-9 by the parties seeking custody before undertaking a custody determination . . . ." However, the Court nevertheless affirmed the trial court's exercise of jurisdiction without first meeting the requirement of filing certain information under oath since "the question of subject matter jurisdiction ha[d] been tried and correctly determined below . . . ." *Id.* Similarly, here the trial court, as we determine below, correctly exercised jurisdiction; thus, we decline to accept plaintiff's argument that the failure to comply fully with the § 50A-9 requirements defeats the court's subject matter jurisdiction.

[2]  In her second and third assignments of error, plaintiff argues that the jurisdictional requirements of N.C. Gen. Stat. § 50A-3 were not met, and thus the trial court erred in exercising jurisdiction. The relevant sections of § 50A-3 provide:

(a) A court of this State authorized to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

(1) This State (i) is the home state of the child at the time of commencement of the proceeding . . .; or

(2) It is in the best interest of the child that a court of this State assume jurisdiction because (i) the child and the child's parents, or the child and at least one contestant, have a significant connection with this State, and (ii) there is available in this State substantial evidence relevant to the child's present or future care, protection, training, and personal relationships;
. . . .

"Home state" is defined as:

the state in which the child immediately preceding the time involved lived with the child's parents, a parent, or a person acting as parent, for at least six consecutive months . . . . Periods of temporary absence of any of the named persons are counted as part of the six-month or other period; . . . .

N.C. Gen. Stat. § 50A-2(5) (1989).

The trial court states as a finding of fact and concludes as a matter of law that North Carolina is the "home state" of the children and plaintiff. Plaintiff in her verified complaint alleges that "the said minor children have lived with the Plaintiff in the state of North Carolina for a period of more than six (6) consecutive months immediately preceding the commencement of this action and the state of North Carolina is the home state of said minor children at the time of the commencement of this action." Now plaintiff contends that her allegation that North Carolina is the "home state," which defendant admitted in his answer, and that the children lived here for six consecutive months, which the defendant denied, was erroneous. She notes that defendant alleged and the trial court found that the children resided with defendant in Georgia from April 1988 until 25 January 1989 pursuant to the Georgia temporary custody decree.

Plaintiff now argues that North Carolina is therefore not the "home state" of the children. However, the trial court found that plaintiff's allegations were supported by evidence at trial. Generally, on appeal a trial court's findings of fact are binding as long

as the findings are supported by competent evidence. *Matthews v. Prince*, 90 N.C. App. 541, 369 S.E.2d 116 (1988); *Hart v. Hart*, 74 N.C. App. 1, 327 S.E.2d 631 (1985). The children had lived in North Carolina continuously from March 1987 until March 1989 when this action was filed except for the ten-month period during which the children resided with defendant in Georgia pursuant to the Georgia temporary custody decree. Under N.C. Gen. Stat. § 50A-2(5), "periods of temporary absence of any of the named persons are counted as part of the six-month . . . period." The period during which the children resided in Georgia pursuant to the temporary custody decree was a period of "temporary absence," and thus the six-month requirement was met.

Further, the plaintiff in her complaint states that she resided in North Carolina for the entire period. Therefore, the trial court correctly determined that North Carolina was the home state, thereby meeting one of the bases of jurisdiction over this child custody action under § 50A-3.

Alternatively, the trial court concluded as a matter of law that there were "substantial and significant connections between the children and North Carolina." There was sufficient evidence to enable the trial court to conclude that the children and one of the parents have a "significant connection with this State" and that there is "substantial evidence relevant to the child[ren]'s present or future care, protection, training, and personal relationships" under N.C. Gen. Stat. § 50A-3(a)(2)(i)-(ii). The trial court found that the children had resided in North Carolina for all but ten months of the two-year period prior to this action and that plaintiff resided in North Carolina for the entire period. Thus, the children and plaintiff had a "significant connection" with North Carolina, and there was substantial evidence regarding the children's "present or future care, protection, training, and personal relationships" in North Carolina.

[3] In her fourth assignment of error, plaintiff contends that Georgia had continuing jurisdiction, and thus the trial court erred in exercising jurisdiction. The requirements for the modification of a custody decree issued by another state are:

> (a) If a court of another state has made a custody decree, a court of this State shall not modify that decree unless (1) it appears to the court of this State that the court which rendered the decree does not now have jurisdiction under

**PHEASANT v. McKIBBEN**

[100 N.C. App. 379 (1990)]

jurisdictional prerequisites substantially in accordance with this Chapter or has declined to assume jurisdiction to modify the decree and (2) the court of this State has jurisdiction.

N.C. Gen. Stat. § 50A-14 (1989).

The threshold issue under N.C. Gen. Stat. § 50A-14 is whether Georgia declined to exercise jurisdiction or "does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this Chapter." *See Brewington*, 77 N.C. App. at 729, 336 S.E.2d at 446. There is no evidence in the record indicating that Georgia has declined to exercise jurisdiction. As to whether Georgia has jurisdiction "under jurisdictional prerequisites substantially in accordance with" North Carolina's version of the UCCJA, we note that Georgia's version of the UCCJA conforms to North Carolina's version. *See* Ga. Code Ann. § 19-9-43 (1982). We conclude above that the trial court correctly determined that North Carolina and not Georgia is the "home state." Alternatively, we conclude that the trial court correctly determined that the children and plaintiff have a "significant connection" to North Carolina and there is "substantial evidence relevant . . ." in North Carolina. Thus, the trial court did not err in assuming jurisdiction and modifying the Georgia decree.

[4] In her final assignments of error, plaintiff contends that the trial court erred in its ruling on plaintiff's motion filed 6 October 1989 pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b) (1983), alleging the trial court's lack of subject matter jurisdiction. A trial court may consider a Rule 60(b) motion which is filed though an appeal is pending in order to indicate how it would rule on the motion were the appeal not pending. *Bell v. Martin*, 43 N.C. App. 134, 258 S.E.2d 403 (1979), *rev'd on other grounds*, 299 N.C. 715, 264 S.E.2d 101 (1980). We have previously concluded that the trial court correctly exercised subject matter jurisdiction; thus, there was no error regarding the Rule 60(b) determination.

In summary, we conclude that the trial court correctly exercised subject matter jurisdiction in modifying the child custody decree. Therefore, the order of the trial court is affirmed.

Affirmed.

Judges COZORT and DUNCAN concur.