GEORGIA SLOAN NABORS v. MICHAEL J. FARRELL

No. 8118DC22

MICHAEL J. FARRELL v. GEORGIA A. FARRELL (NABORS)

No. 8118DC23

(Filed 4 August 1981)

1. **Divorce and Alimony § 26.4— modification of foreign child custody decree—action pending in another state—jurisdiction**

   The trial court should have dismissed the wife's action to modify the child visitation provisions of a Massachusetts child custody decree for lack of jurisdiction, although the wife and children are now residents of North Carolina, where the husband's modification action was pending in Massachusetts at the time the wife filed her action in this State; the Massachusetts court exercised jurisdiction substantially in conformity with G.S. Ch. 50A in that the husband still lived in Massachusetts and had significant connections with that state, the children had significant connections with Massachusetts with regard to the issue of visitation, and Massachusetts clearly had substantial evidence concerning the children's welfare during the time they were in that state; and the Massachusetts court's modification order was binding on the wife because she submitted to the jurisdiction of the Massachusetts court when her attorney made a general appearance at the hearing on the husband's complaint. G.S. 50A-6(a).

2. **Divorce and Alimony § 25.12— child visitation order—contempt motion—no jurisdiction**

   The trial court could not rule on the husband's motion to hold the wife in contempt for failure to abide by a Massachusetts child visitation order which had been filed in North Carolina pursuant to G.S. 50A-15 where the trial court had no jurisdiction of the action in which the motion was made.

IN No. 8118DC22, appeal by plaintiff from *Williams, Judge.* Order entered 4 August 1980 in District Court, GUILFORD County.

Appeal by defendant from *Campbell, Judge.* Order entered 19 August 1980 in District Court, GUILFORD County. In No. 8118DC23, appeal by plaintiff from *Williams, Judge.* Order entered 2 October 1980 in District Court, GUILFORD County. Heard in the Court of Appeals 3 June 1981.

The parties were granted a divorce by decree entered in the Probate Court of Berkshire County, Massachusetts, on 5 November 1975. The decree granted Wife custody of the three minor children born of the marriage. Husband was granted visitation rights, including one month during the summer when the children were to reside with his relatives in Dalton, Massachusetts. The decree further granted Wife the right to move with the children to North Carolina. Wife and the three children moved to this State in July 1975 and have lived here continuously since that time. Husband continues to live in Massachusetts.

On 13 June 1979, Husband filed a complaint for modification of the divorce decree in the same court in which the original decree had been granted. Husband requested that a definite visitation period be established and that the place of visitation be with him in his new home. Wife filed answer through an attorney in Massachusetts who represented her at the hearing on the complaint on 13 April 1980. The Massachusetts court entered an order on 30 April 1980 establishing the period between 15 July and 15 August as the visitation period and providing that visitation would be in a place selected by Husband. Pursuant to G.S. 50A-15, copies of the original decree and the modification order were filed with the clerk of court of Guilford County on 1 August 1980.

With full knowledge of the pending suit for modification in Massachusetts, Wife brought suit in Guilford County on 21 February 1980, seeking modification of the original judgment rendered in Massachusetts. Husband filed answer, asking *inter alia,* that the action be dismissed for lack of jurisdiction, citing Chapter 50A of the General Statutes, the Uniform Child Custody Jurisdiction Act. Prior to Husband's answer, Wife moved on 2 June 1980 for a temporary order altering the provisions of the Massachusetts decree. On 11 June 1980 Judge Williams conducted a hearing on Wife's motion for a temporary order. In an order filed 4 August, Judge Williams concluded as a matter of law

that Wife had consented to the jurisdiction of the Massachusetts court to decide the issues presented in Husband's complaint for modification. The judge ordered that Wife's motion be denied and the Massachusetts modification order be recognized and enforced in North Carolina as a decree of the courts of this State. Wife gave notice of appeal.

Thereafter, on 1 August 1980, Husband filed a motion seeking to have Wife held in contempt for failing to abide by the order entered in the Massachusetts court on 30 April 1980 and filed in this State on 1 August 1980. Judge Frank Campbell denied Husband's motion on 19 August 1980 concluding that the trial court was without jurisdiction to punish for contempt of its orders pending Wife's appeal. Husband appealed. Meanwhile, on 13 August, Husband had filed motion in Guilford County, No. 80CVD5586, asking that the court hold Wife in contempt for failure to abide by the orders of the Massachusetts court which had been filed in this State pursuant to G.S. 50A-15. Judge Williams denied Husband's motion on 2 October 1980 for the reason that Husband could obtain the relief sought by his motion for contempt in No. 80CVD2395. Husband appealed.

*Eugene S. Tanner, Jr., for plaintiff appellant-appellee.*

*Graham, Cooke, Miles & Daisy, by Donald T. Bogan, for defendant appellee-appellant.*

HILL, Judge.

[1] The Guilford County court should have dismissed Wife's action for lack of jurisdiction. G.S. 50A-6(a) provides that:

> If at the *time of filing* the petition a proceeding concerning the custody of the child was *pending* in a court of another state exercising jurisdiction *substantially in conformity with this Chapter*, a court of this State shall not exercise its jurisdiction under this Chapter, unless the proceeding is stayed by the court of the other state . . . .. (Emphasis added.)

Clearly, at the time Wife filed her action in Guilford County seeking modification of the original custody decree, Husband's modification action was pending in Massachusetts. The question we must answer is whether Massachusetts was exercising jurisdiction substantially in conformity with Chapter 50A.

Massachusetts has not enacted the Uniform Child Custody Jurisdiction Act. Nevertheless, the Act is not reciprocal and in order to determine whether Massachusetts properly exercised jurisdiction, we look to see whether the modification decree was made under factual circumstances meeting the jurisdictional standards of G.S. 50A.

G.S. 50A-3(a) provides in part that:

A court . . . authorized to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

. . . .

(2) It is in the best interest of the child that [the] court . . . assume jurisdiction because (i) . . . the child and at least one contestant, have a significant connection with [the] State, and (ii) there is available in [the] State substantial evidence relevant to the child's present or future care, protection, training, and personal relationships.

Husband, still living in Massachusetts, clearly had significant connections with Massachusetts. The children clearly had significant connections with Massachusetts with regard to the issue of visitation. Massachusetts clearly had substantial evidence concerning the children's welfare during the time they were in that state, and it was in the best interest of the children that Massachusetts exercise jurisdiction over matters relating to their stay in that state. Because Wife submitted to the jurisdiction of the Massachusetts court when her attorney made a general appearance at the hearing on Husband's complaint, that court's modification order is binding on her. *See* G.S. 50A-13 and 50A-12.

Judge Williams concluded and decreed that the Massachusetts order should be recognized and enforced as a decree of this State's courts. The judge went on to deny Wife's motion for temporary custody and modification of the original divorce decree. We hold that the more correct action would have been for Judge Williams simply to dismiss Wife's action for lack of jurisdiction. For the reasons stated above, Wife's assignments of error are overruled.

[2]  Husband has brought forth one assignment of error in No. 8118DC22. Husband contends that Judge Campbell erred in denying his motion of 1 August 1980 asking that Wife be held in contempt for failing to abide by the order entered in Massachusetts on 30 April 1980 and filed with the clerk of court on 1 August. We disagree.

Judge Campbell concluded that pending Wife's appeal of Judge Williams' order, the trial court was without jurisdiction to punish for contempt of its orders. We hold that it would have been more correct for the judge to conclude that he could not rule on Husband's motion for contempt when the court had no jurisdiction of the action in which the motion had been made. Husband's assignment of error is overruled.

Husband has brought forth another assignment of error in No. 8118DC23. Husband contends that Judge Williams erred by decreeing in his order of 2 October 1980 that the pendency of No. 8118DC22 abated Husband's motion for contempt in No. 8118DC23. We agree.

Contrary to Judge Williams' conclusion, Husband cannot obtain the relief sought in No. 8118DC23 by his motion for contempt in No. 8118DC22. Husband's motion for contempt in the latter action must be heard.

No. 8118DC22—Modified and Affirmed.

No. 8118DC23—Reversed.

Judges MARTIN (Robert M.) and CLARK concur.