DOROTHY D. COPELAND v. ARTHUR D. COPELAND

No. 831DC546

(Filed 1 May 1984)

1. **Divorce and Alimony § 26— determination of question of enforceability of foreign custody order on basis of compliance with North Carolina statute rather than provisions of UCCJA—error**

    The trial court erred in determining the question of enforceability of a Massachusetts custody order based on whether it complied with the terms of G.S. 50-13.5(d)(2) rather than the provisions of the UCCJA since the fact that rules concerning enforcement of a state's own custody decree may vary from

the UCCJA (G.S. 50A-25) does not change the requirements for enforcement of another state's custody order under the UCCJA.

**2. Divorce and Alimony § 26— failure of foreign custody order to comply with terms of UCCJA—lack of notice**

A Massachusetts court custody order did not substantially comply with the terms of the UCCJA and the Massachusetts court did not obtain personal jurisdiction over defendant where the Massachusetts court did not comply with the notice provisions of G.S. 50A-4 and 50A-5 in that defendant was not served with process pursuant to G.S. 1A-1, Rule 4. G.S. 50A-3 and G.S. 50A-3(a)(1)(ii).

APPEAL by defendant from *Parker, Judge.* Order entered 3 February 1983 in PERQUIMANS County District Court. Heard in the Court of Appeals 3 April 1984.

Plaintiff and defendant were married in December, 1973 in Massachusetts, where they lived until they separated in June, 1982. On 5 September 1982, defendant moved to North Carolina, taking the parties' three minor children with him. No official court order concerning custody of the children had been entered, but the parties had orally agreed that the children would remain with plaintiff, and defendant concedes that he took the children to North Carolina without plaintiff's knowledge or consent. On 13 September 1982, plaintiff sought a temporary custody order in the Probate Court of Plymouth, Massachusetts. On that same date the probate court entered an *ex parte* order granting temporary custody to plaintiff. Defendant was not notified prior to entry of the order, nor does the record show that he was served with process at any time thereafter.

On 12 November 1982, plaintiff filed a petition in Perquimans County District Court, seeking an order enforcing the Massachusetts temporary custody order. Following a hearing at which both parties were present and represented by counsel, the trial court entered an order enforcing the Massachusetts custody award and granting plaintiff $668.75 in travel expenses and $443.68 in attorney fees. The trial court's order provided that defendant was to make the children available to plaintiff on 18 November 1982, and that he would be jailed if he failed to comply.

Upon entry of the order enforcing the Massachusetts court's temporary award of custody to plaintiff, defendant appealed.

*Edwards & Edwards, by Walter G. Edwards, Jr., for plaintiff.*

*W. T. Culpepper, III, for defendant.*

WELLS, Judge.

Enforcement of out-of-state child custody orders is governed by the terms of the Uniform Child Custody Jurisdiction Act (UCCJA), N.C. Gen. Stat. §§ 50A-1 through -25, adopted in North Carolina in 1979. Under the UCCJA, a court may properly enforce a child custody order only if the jurisdictional requirements of G.S. § 50A-3 and the notice requirements of G.S. § 50A-4 and § 50A-5 are met, *see* G.S. § 50A-13. States which have adopted the UCCJA must enforce an out-of-state custody order which substantially complies with the terms of the UCCJA, regardless of whether the state issuing the order has adopted the UCCJA, G.S. § 50A-13, *Nabors v. Farrell,* 53 N.C. App. 345, 280 S.E. 2d 763 (1981).

[1]   We note that the trial court determined the question of enforceability of the Massachusetts order based on whether it complied with the terms of N.C. Gen. Stat. § 50-13.5(d)(2) (1976),[1] rather than the provisions of the UCCJA. This was error. The trial court apparently used G.S. § 50-13.5(d)(2) as a guideline because of the terms of G.S. § 50A-25, which states that "[n]othing in . . . [the UCCJA] shall be interpreted to limit the authority of the court to issue an interlocutory order under the provisions of G.S. § 50-13.5(d)(2) . . ." G.S. § 50A-25 merely makes it clear that passage of the UCCJA in North Carolina did not eliminate the power of our trial courts to issue temporary custody orders under G.S. § 50-13.5(d)(2). However, nothing in the terms of G.S. § 50A-25 in any way changes the prerequisites to enforcement of an out-of-state custody order under the UCCJA. It is clear that states may set their own standards for enforcement of in-state custody orders, as in G.S. § 50-13.5(d)(2), which are different from the UCCJA standards. The fact that rules concerning enforcement of a state's own custody decrees may vary from the UCCJA

---

1. § 50-13.5(d)(2). If the circumstances of the case render it appropriate, upon gaining jurisdiction of the minor child the court may enter orders for the temporary custody and support of the child, pending the service of process or notice as herein provided.

does not change the requirements for enforcement of another state's custody orders under the UCCJA. *See, e.g.*, 9 U.L.A. Mat., Fam. & H. Laws, UCCJA, Section 4, Official Comment (1979): "As to persons in the forum state, the general law of the state applies; others are notified in accordance with section 5."

[2]   The issue before us, therefore, is whether the Massachusetts court custody order substantially complies with the terms of the UCCJA. Under G.S. § 50A-3(a)(1), a state has subject matter jurisdiction and may properly decide child custody matters if the state ". . . (ii) had been the child's home state within six months before commencement of the proceeding and the child is absent from this State because of the child's removal or retention by a person claiming the child's custody or for other reasons, and a parent or person acting as parent continues to live in this State. . . ." The facts clearly show that defendant's children were residents of Massachusetts until he took them to North Carolina in September of 1982, and that the plaintiff remained in Massachusetts. The Massachusetts courts, therefore, had subject matter jurisdiction under G.S. § 50A-3 to enter a valid child custody order.

We find, however, that the Massachusetts court did not comply with the notice provisions of G.S. §§ 50A-4 and -5 and, therefore, did not obtain personal jurisdiction over defendant. Under G.S. § 50A-4, "[b]efore making a decree under this Chapter reasonable notice and opportunity to be heard shall be given to the contestants, any parent whose parental rights have not been previously terminated, and any person who has physical custody of the child." Defendant clearly had a right to notice under the Act before the Massachusetts court entered its temporary order. The Massachusetts order also fails to meet the requirements of G.S. § 50A-5, which provides that the notice required under G.S. § 50A-4 "shall be given in a manner reasonably calculated to give actual notice and shall be served in the same manner as the manner of service of process set out in G.S. 1A-1, Rule 4. . . ." Plaintiff concedes that defendant was not served with process pursuant to Rule 4 of the Rules of Civil Procedure. It is clear that "[s]trict compliance with sections 4 and 5 is essential for . . . a custody decree['s] . . . recognition and enforcement in other states under sections 12, 13 and 15." 9 U.L.A. Mat., Fam. & H. Laws, *supra.* While the Massachusetts court's failure to obtain

personal jurisdiction over defendant requires us to reverse the trial court's order, we commend the trial court's efforts to comply with the spirit of the UCCJA, by discouraging unilateral removals of children from their custodial parent. Because we hold that the trial court's order must be reversed, we need not reach defendant's other assignments of error.

Reversed.

Judges ARNOLD and BRASWELL concur.