RODNEY LYNN HENSON, PLAINTIFF v. SHERRY LYNN CHURCH HENSON, DEFENDANT

No. 8919DC184

(Filed 3 October 1989)

**Divorce and Alimony § 26 — Tennessee child custody order — no notice given to defendant — Tennessee order not enforceable in N.C.**

The trial court erred in enforcing a Tennessee child custody order where no attempt was made to serve defendant with notice and she in fact never received notice of the Tennessee hearing, and Tennessee therefore did not act substantially in conformity with the Uniform Child Custody Jurisdiction Act. N.C.G.S. § 50A-13.

APPEAL by defendant from Long (V. Bradford), Judge. Order entered 29 December 1988 in District Court, RANDOLPH County. Heard in the Court of Appeals 19 September 1989.

Plaintiff and defendant were married on 5 November 1987 in Johnson County, Tennessee. Shortly after they were married, the parties moved to North Carolina. On 19 February 1988 a son, Brett McKinnley Henson, was born in Randolph County, North Carolina. The parties separated on 1 November 1988.

Shortly after the separation, plaintiff took the child from North Carolina to Tennessee. On 22 November 1988 the plaintiff filed an action in Johnson County, Tennessee seeking custody of the child and a restraining order prohibiting the defendant from removing the child from Tennessee. No notice was given to the defendant. Plaintiff was granted a restraining order and temporary custody of the child.

Sometime after this order was entered, defendant without legal authority, regained custody of her son and returned to Randolph County, North Carolina. On 14 December 1988 plaintiff brought suit in Randolph County, North Carolina seeking enforcement of the Tennessee restraining order against the defendant. The court entered a temporary restraining order and directed the Sheriff to pick up Brett McKinnley Henson and return him to the custody of his father. The court also scheduled a hearing on the matter for 29 December 1988. Defendant received notice of the scheduled hearing and filed a response and complaint for custody.

In her answer, defendant challenged the jurisdiction of the Tennessee Court to enter any custody orders pertaining to Brett McKinnley Henson.

On 29 December 1988, Judge Long heard the matter and enforced the Tennessee decree.

From the order entered 29 December 1988 refusing to assert jurisdiction in North Carolina over this custody dispute, defendant appeals.

*Plaintiff-appellee failed to file a brief on his behalf and was not before the Court.*

*Ottway Burton, P.A., by Ottway Burton, for defendant-appellant.*

LEWIS, Judge.

Enforcement of out-of-state child custody orders is governed by the terms of the Uniform Child Custody Jurisdiction Act (UCCJA), N.C.G.S. 50A-1; *Copeland v. Copeland*, 68 N.C. App. 276, 314 S.E.2d 297 (1984). A court can enforce a child custody order only if the jurisdictional requirements of G.S. Section 50A-1 are met. *See* G.S. 50A-13 (North Carolina courts shall recognize only those out-of-state custody decrees which are in "substantial conformity" with the UCCJA).

We find that this case is controlled by our earlier holding in *Copeland, supra.* In *Copeland*, the plaintiff obtained a temporary custody order in Massachusetts. Defendant, a North Carolina resident, was not notified prior to entry of the order. *Id.* at 277, 314 S.E.2d 298. We reversed the entry of the North Carolina District Court order enforcing the Massachusetts court's temporary award of custody to plaintiff, stating:

## HENSON v. HENSON

[95 N.C. App. 777 (1989)]

We find, however, that the Massachusetts court did not comply with the notice provisions of G.S. Sections 50A-4 and 5 and, therefore, did not obtain personal jurisdiction over defendant. Under G.S. Section 50A-4, '[b]efore making a decree under this Chapter reasonable notice and opportunity to be heard shall be given to the contestants, any parent whose parental rights have not been previously terminated, and any person who has physical custody of the child.' Defendant clearly had a right to notice under the Act before the Massachusetts court entered its temporary order. The Massachusetts order also fails to meet the requirements of G.S. Section 50A-5, which provides that the notice required under G.S. Section 50A-4, 'shall be given in a manner reasonably calculated to give actual notice and shall be served in the same manner as the manner of service of process set out in G.S. 1A-1, Rule 4. . . .' Plaintiff concedes that defendant was not served with process pursuant to Rule 4 of the Rules of Civil Procedure. It is clear that '[s]trict compliance with sections 4 and 5 is essential for . . . a custody decree['s] . . . recognition and enforcement in other states under sections 12, 13 and 15.'

*Id.* at 279, 314 S.E.2d 299.

Like the defendant in *Copeland*, defendant Sherry Lynn Church Henson was entitled to receive notice of the Tennessee temporary custody hearing. Because the record indicates that there was no attempt to serve her with notice and she in fact never received notice of the hearing, Tennessee did not act "substantially in conformity with" Chapter 50A, and we must reverse. G.S. 50A-13. Because we hold that the trial court's order must be reversed, we need not reach defendant's other assignments of error.

Reversed.

Judges PHILLIPS and COZORT concur.