**In re the Marriage of Shawn L. WILLIAMS, Appellant–Respondent,**

v.

**Rebecca A. WILLIAMS, Appellee–Petitioner.**

**No. 18A02–9207–CV–335.**

Court of Appeals of Indiana, First District.

Feb. 24, 1993.

was born and has lived continuously in North Carolina.

## FACTS

Shawn and Rebecca Williams were married in North Carolina on April 2, 1988, and they lived in North Carolina throughout their marriage. When the Williamses separated on February 16, 1990, Rebecca took their two young daughters, Amanda, born July 2, 1987, and Amber, born November 7, 1989, and moved in with her mother, also a North Carolina resident. On November 10, 1990, Rebecca took Amber and moved to Muncie, Indiana, where they lived with Rebecca's uncle. Shawn's parents kept Amanda in North Carolina, and Rebecca's mother kept Rebecca's young son from a previous marriage until the end of the school year. Although Rebecca wanted Amanda to travel to Indiana when her son came, Shawn and his parents did not allow Amanda to leave North Carolina.

On June 18, 1991, Rebecca filed a petition for dissolution of marriage and immediate temporary custody, and the Indiana court granted Rebecca immediate temporary custody of both Amanda and Amber.[1] Shawn objected to the court's *in personam* jurisdiction over him and the court's jurisdiction to decide Amanda's custody. After a hearing, the trial court agreed it did not have *in personam* jurisdiction over Shawn, so accordingly, it refused to enter judgment on Rebecca's petition for dissolution of marriage. It did, however, conclude it had jurisdiction to decide Amanda's custody. The court then confirmed its prior order granting Rebecca immediate temporary custody of Amanda. Shawn now brings this certified interlocutory appeal challenging the trial court's jurisdiction to decide Amanda's custody.

David W. Stone, IV, Anderson and Gale M. Phelps, Phelps & Fara, Indianapolis, for appellant.

Chris M. Teagle, Dunnuck, Teagle and Hunt, Muncie, for appellee.

BAKER, Judge.

Respondent-appellant Shawn L. Williams brings this certified interlocutory appeal challenging the trial court's jurisdiction to determine the custody of his young daughter, Amanda. The trial court took jurisdiction when petitioner-appellee Rebecca A. Williams filed a petition for dissolution of marriage and determination of custody in Indiana on June 18, 1991.

Challenging both the trial court's findings and conclusions, Shawn raises the following restated issue: whether the trial court erred when it concluded it had jurisdiction to decide the custody of a child who

## DISCUSSION AND DECISION

Shawn argues Indiana's jurisdiction to determine Amanda's custody is restricted by IND.CODE 31-1-11.6-1 *et seq.*,

---

1. Shawn does not challenge the trial court's jurisdiction to decide Amber's custody, so that    issue is not before us today.

Indiana's codification of the Uniform Child Custody Jurisdiction Act (UCCJA).

The UCCJA sets forth the jurisdictional requirements necessary for a court to assume subject matter jurisdiction in a custody proceeding. IND.CODE 31–1–11.6–3(a) provides, in relevant part:

> Jurisdiction. (a) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
>
> (1) this state (A) is the home state of the child at the time of commencement of the proceeding, or (B) had been the child's home state within six (6) months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
>
> (2) it is in the best interest of the child that a court of this state assume jurisdiction because (A) the child and his parents, or the child and at least one (1) contestant, have a significant connection with this state, and (B) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;
>
> \*  \*  \*  \*  \*  \*

■ A "home state" is "the state in which the child, immediately preceding the time involved, lived with his parents, a parent, or a person acting as parent, for at least six (6) consecutive months...." IND.CODE 31–1–11.6–2(5). It is only when the "home state" test does not apply to the facts that the "significant connection" test found in IND.CODE 31–1–11.6–3(a)(2) may be used to provide an alternative basis for subject matter jurisdiction. *Horlander v. Horlander* (1991), Ind.App., 579 N.E.2d 91, 97, *trans. denied.*

In this case, the trial court based its jurisdiction to decide Amanda's custody on the "significant connection" test. This was error. The court stated:

> It is in the best interest of the minor child, Amanda Williams, that this court assume jurisdiction to make a determination as to her custody, because, among other things ... the child and at least one contestant have a significant connection with this state and, there is available in this state substantial evidence concerning her present or future care, protection, training, and personal relationships in that the said child's mother, her sister, and her half-brother have resided in this state since November 1990....

Under our analysis in *Horlander,* use of the "significant connection" test is appropriate only when the "home state" test is inapplicable. In this case, the facts before us plainly fit the "home state" test. Amanda was born in North Carolina on July 2, 1987, and she has spent her entire young life in that state. Notwithstanding Rebecca's exit from North Carolina in 1990, both Amanda and Shawn have remained North Carolinians. North Carolina is Amanda's home state. Because Amanda had a "home state," the trial court erred both when it applied the "significant connection" test, and when it concluded it had jurisdiction to decide Amanda's custody. *See Id.* at 97.

■ Even if the "significant connection" test were applicable here, which we do not find it is, it nevertheless would be an abuse of discretion to find Indiana has jurisdiction to decide Amanda's custody. *See Sixberry v. Sixberry* (1989), Ind.App., 540 N.E.2d 95, 97. Amanda was born in North Carolina and continues to live there, she attends school in North Carolina, and her father and both paternal and maternal grandparents live in North Carolina. In contrast, there is no evidence Amanda has ever been to Indiana, and her most significant connection to Indiana is that it is the state where her mother, step-brother, and infant sister reside. Rebecca's Indiana residency is insufficient to create for Amanda a significant connection to Indiana under IND. CODE 31–1–11.6–3(a)(2). *State ex rel. Larner v. Martin Circuit Court* (1983), Ind., 456 N.E.2d 395, 398, *cert. denied,* 469 U.S. 839, 105 S.Ct. 138, 83 L.Ed.2d 78.

Indiana does not have jurisdiction over Amanda's custody dispute. The trial

court's judgment regarding Amanda's custody is reversed.

NAJAM and SHIELDS, JJ., concur.