WILLIAMS v. WILLIAMS

[110 N.C. App. 406 (1993)]

REBECCA ANN WILLIAMS v. SHAWN LEE WILLIAMS, RALPH WILLIAMS
AND WIFE, MAGGIE WILLIAMS

No. 9225DC390

(Filed 1 June 1993)

1. **Divorce and Separation § 562 (NCI4th)— foreign child custody order—child in foreign state—failure to comply with UCCJA**

    The North Carolina courts were not required to give full faith and credit to an Indiana child custody order for a child taken to Indiana by her mother because the Indiana court did not exercise jurisdiction in conformity with the UCCJA where there were no findings in the Indiana order that Indiana was the child's home state or had been her home state within six months before the action was commenced, or that it was in the child's best interest for Indiana to assume jurisdiction because she had significant connections with that state. Accordingly, the cause is remanded for a determination as to whether North Carolina has the authority to exercise jurisdiction to decide custody pursuant to N.C.G.S. § 50A-3.

    **Am Jur 2d, Divorce and Separation §§ 1143-1145.**

2. **Divorce and Separation §§ 494, 562 (NCI4th)— foreign child custody order—child in this state—absence of foreign jurisdiction—authority to determine custody**

    The North Carolina courts were not required to give full faith and credit to an Indiana child custody order finding that the Indiana court had jurisdiction because the child has significant connections with that state where the child was born in North Carolina, has lived here all of her life, and has never been to Indiana. Furthermore, the North Carolina courts had authority to exercise jurisdiction to determine custody of the child where the court found that the child has lived in North Carolina her entire life, that North Carolina is the child's home state, and that it is in the child's best interest that North Carolina assume jurisdiction over the custody determination.

    **Am Jur 2d, Divorce and Separation §§ 964, 965, 1143-1145.**

Appeal by plaintiff and defendants from order entered 17 February 1992 by Judge Robert M. Brady in Caldwell County District Court. Heard in the Court of Appeals 11 March 1993.

*Steve B. Potter, P.A., by Steve B. Potter, for plaintiff appellant-appellee.*

*Wilson, Palmer & Lackey, P.A., by Wesley E. Starnes, for defendant appellants-appellees.*

COZORT, Judge.

The issue here is whether North Carolina or Indiana has jurisdiction to determine custody issues for two minor children born in North Carolina. One child was taken to Indiana by her mother; the other remained in North Carolina with paternal grandparents. The Indiana trial court exercised jurisdiction over both children. The North Carolina trial court granted full faith and credit to the Indiana order as to the child in Indiana and exercised jurisdiction over the child in North Carolina. We affirm the North Carolina trial court's exercise of jurisdiction over the child in North Carolina; as to the child in Indiana, we remand for a determination of whether North Carolina should exercise jurisdiction. The facts follow.

Plaintiff Rebecca Ann Williams and defendant Shawn Lee Williams were married on 2 April 1988 and lived in North Carolina until the date of their separation, 16 February 1990. The parties had two children, Amanda Williams born 2 July 1987, and Amber Williams, born 7 November 1989. After the separation, plaintiff-mother moved to Indiana. The first week of January 1991, Amber began residing with her mother in Indiana. Amanda resided with her paternal grandparents, defendants Ralph and Maggie Williams, in North Carolina after the separation.

On 18 June 1991, plaintiff filed petitions in the Superior Court of Delaware County, Indiana, seeking an absolute divorce, alimony, custody of the children, and child support. On the same date, the superior court granted plaintiff's petition for immediate custody of the two minor children and entered a restraining order prohibiting both Rebecca Ann Williams and Shawn Lee Williams from removing any child of the marriage then residing in Indiana from the state.

On 20 June 1991, plaintiff filed a complaint and motion in North Carolina seeking to gain immediate physical custody of Amanda, who had been residing in North Carolina with her grandparents. That same day, defendant filed a motion to dismiss plaintiff's North Carolina petition for custody of Amanda, with defendant

contending that the prior Indiana action should abate the North Carolina action. On 21 June 1991, Caldwell County District Court Judge Robert M. Brady awarded plaintiff temporary custody of Amanda, staying the order pending further hearing. On 10 July 1991, defendant Shawn Williams filed an answer seeking custody, child support, and equitable distribution. Defendants Ralph and Maggie Williams also filed an answer and counterclaim seeking joint custody with defendant-father.

On 14 November 1991, the Indiana superior court entered an order, holding (1) that the court's prior temporary custody order as to Amber should remain in effect; (2) pursuant to the provisions of the Uniform Child Custody Jurisdiction Act (UCCJA), the court had authority to exercise jurisdiction over the custody of Amanda; and (3) the court could not order child support because it lacked personal jurisdiction over defendant Shawn Williams. The court then vacated the previous support order and affirmed the previous custody order as to Amanda.

On 17 February 1992, Judge Brady entered an order addressing two issues: (1) whether North Carolina must give full faith and credit to the Indiana orders of 18 June 1991 and 14 November 1991, and (2) whether North Carolina has jurisdiction to decide the custody issue. Judge Brady found in pertinent part: both children were born in North Carolina; Amanda had resided in North Carolina all her life; Amber resided in North Carolina until the first week of January 1991 when plaintiff unilaterally and without the consent of defendant removed her to Indiana; since February 1990 Amanda had resided with grandparents Ralph and Maggie Williams; plaintiff has substantial family in North Carolina, most of whom have had contact with Amanda; plaintiff has family in Indiana, including an uncle, a great-uncle, several cousins, a father, and a sister; of the relatives in Indiana only plaintiff's uncle in Indiana has seen Amanda; defendants have substantial family in North Carolina; plaintiff and defendant resided in North Carolina during their marriage; defendants have never been to Indiana; and Amanda has never been to Indiana.

Based upon the findings of facts, Judge Brady concluded that: (1) North Carolina must grant full faith and credit to the Indiana orders as to Amber pursuant to N.C. Gen. Stat. § 50A-3(a)(1) (1989); (2) the Indiana orders as to Amanda are not in substantial compliance with the UCCJA in that Amanda does not have substantial

connections with Indiana as required by § 50A-3(a)(2); (3) North Carolina has subject matter jurisdiction pursuant to the UCCJA to decide the custody of Amanda in that North Carolina is her home state; (4) North Carolina has personal jurisdiction over all the parties; and (5) it is in the best interest of the minor child Amanda that North Carolina exercise jurisdiction. Judge Brady then ordered that (1) North Carolina grant full faith and credit to the Indiana orders as to Amber, but not Amanda; and (2) North Carolina would exercise jurisdiction to determine the custody and child support issues for Amanda. All parties appeal.

Specifically, defendant-father and paternal grandparents argue on appeal that the trial court erred in concluding that North Carolina must grant full faith and credit to the Indiana orders as to Amber. Plaintiff-mother argues on appeal that the trial court erred in exercising jurisdiction over the custody determination as to Amanda and not enforcing the Indiana orders as to Amanda. We reverse in part and affirm in part.

To determine jurisdiction of child custody issues, the trial court must follow the mandates of the Parental Kidnapping Prevention Act (PKPA), 28 U.S.C.A. § 1738A (1989), and North Carolina's Child Custody Jurisdiction Act (UCCJA), N.C. Gen. Stat. §§ 50A-1 – 50A-25 (1989). *See Gasser v. Sperry*, 93 N.C. App. 72, 376 S.E.2d 478 (1989). Although differing in some respects, the provisions of the PKPA and UCCJA are substantially similar. *In the Matter of Custody of Bhatti*, 98 N.C. App. 493, 494-95, 391 S.E.2d 201, 202 (1990). The PKPA provides in pertinent part:

A court of a State shall not exercise jurisdiction in any proceeding for a custody determination commenced during the pendency of a proceeding in a court of another State where such court of that other State is exercising jurisdiction consistently with the provisions of this section to make a custody determination.

28 U.S.C.A. § 1738A(g).

N.C. Gen. Stat. § 50A-6(a) (1989) provides:

If at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state *exercising jurisdiction substantially in conformity with this Chapter*, a court of this State shall not exercise its jurisdiction under this Chapter, unless the proceeding is stayed by

the court of the other state because this State is a more appropriate forum or for other reasons.

(Emphasis added.) Under both statutes, if there is an action pending in another state, the threshold issue is whether the other state has exercised jurisdiction in substantial conformity with the UCCJA. *Davis v. Davis*, 53 N.C. App. 531, 539-40, 281 S.E.2d 411, 416 (1981). N.C. Gen. Stat. § 50A-3 (1989), sets forth four alternative bases for jurisdiction:

(1) This State (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child's home state within six months before commencement of the proceeding and the child is absent from this State because of the child's removal or retention by a person claiming the child's custody or for other reasons, and a parent or person acting as parent continues to live in this State; or

(2) It is in the best interest of the child that a court of this State assume jurisdiction because (i) the child and the child's parents, or the child and at least one contestant, have a significant connection with this State, and (ii) there is available in this State substantial evidence relevant to the child's present or future care, protection, training, and personal relationships; or

(3) The child is physically present in this State and (i) the child has been abandoned or (ii) it is necessary in an emergency to protect the child because the child has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or

(4) (i) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this State is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that this court assume jurisdiction.

N.C. Gen. Stat. § 50A-2(5) (1989) defines "home state" as "the state in which the child immediately preceding the time involved lived with the child's parents, a parent, or a person acting as parent, for at least six consecutive months . . . ." Courts of other states

must also comply with the notice provisions of N.C. Gen. Stat. § 50A-4 and § 50A-5 (1989). *Copeland v. Copeland*, 68 N.C. App. 276, 279-80, 314 S.E.2d 297, 299-300 (1984).

In exercising jurisdiction over child custody matters, North Carolina requires the trial court to make specific findings of fact supporting its actions. *Brewington v. Serrato*, 77 N.C. App. 726, 729, 336 S.E.2d 444, 447 (1985). "[C]onclusory recitations by courts of other states [are] insufficient, and fairness and uniform application of the UCCJA demand the same specificity of our courts." *Jerson v. Jerson*, 68 N.C. App. 738, 740-41, 315 S.E.2d 522, 524 (1984).

[1] We first address defendant's argument that the trial court erred in concluding that North Carolina must give full faith and credit to the Indiana orders as to Amber. We must determine if the Indiana superior court exercised jurisdiction in conformity with North Carolina's UCCJA. In the 18 November 1991 order, the Indiana superior court found that "[t]he court's jurisdiction over Amber Williams, born November 7, 1989, is not at issue, and the court's prior provisional order regarding the custody of Amber Williams should remain in full force and effect." The Indiana court made no findings to support the exercise of jurisdiction as to Amber. The 18 June 1991 Indiana ex parte order contained no findings concerning jurisdiction or justifying placement with plaintiff. In the 17 February 1992 order, Judge Brady found that Amber resided in North Carolina until the first week of January 1991 when plaintiff took her to live in Indiana. Judge Brady then concluded that North Carolina must grant full faith and credit to the Indiana orders because Indiana was Amber's home state.

In the Indiana order, there were no findings of fact that Indiana was Amber's home state, or had been her home state within six months before the action was commenced, or that it was in her best interests for Indiana to assume jurisdiction because she had significant connection with the state. *See Brewington*, 77 N.C. App. at 730, 336 S.E.2d at 447. We find that the North Carolina trial court erred in concluding that North Carolina must give full faith and credit to the Indiana orders. The Indiana court had not assumed jurisdiction over the custody determination of Amber in substantial conformity with the UCCJA. Since the Indiana court did not properly assume jurisdiction, North Carolina courts are not bound to enforce the Indiana orders. *See id.* Accordingly, we must reverse the trial court's order insofar as it applies to Amber and remand

the cause for determination of whether North Carolina has the authority to exercise jurisdiction, pursuant to N.C. Gen. Stat. § 50A-3, over the custody determination as to Amber.

[2]   Next, we address plaintiff's argument that the North Carolina trial court erred in exercising jurisdiction of the child custody determination as to Amanda. Plaintiff contends the Indiana court acted in substantial conformity with the UCCJA. Plaintiff argues that the North Carolina trial court was required to decline jurisdiction under § 50A-6(a). The Indiana court assumed jurisdiction based upon a finding that Amanda had significant connections with Indiana because her mother, her sister, and her half-brother had resided there since November 1990; until November 1990, the three children resided together in the same household; the petitioner's relatives reside in Indiana; and the most substantial evidence concerning the child's present or future care, protection, training, and personal relationships is available in Indiana.

During the pendency of this appeal, the Indiana Court of Appeals held that the Indiana superior court erred in finding that Amanda had substantial connections with Indiana. *In re the Marriage of Shawn L. Williams v. Rebecca A. Williams*, 609 N.E.2d 1111 (1993). The Indiana Court of Appeals held that use of the "significant connection" test is appropriate only if the "home state" rule is not applicable. *Id.* at 1113. The court noted that the facts "plainly fit the 'home state' test" because Amanda was born in North Carolina and she had spent all her life there. *Id.* The court further stated that even if the substantial connections test were applicable, Indiana did not have jurisdiction because there was no evidence that Amanda had ever been to Indiana. Her most significant connection is that her mother, step-brother and infant sister reside there. *Id.*

As noted above, the North Carolina trial court was required to determine if the Indiana court had exercised jurisdiction in substantial conformity with North Carolina's UCCJA. The North Carolina trial court found that Amanda has seen various physicians in North Carolina; plaintiff has substantial family in North Carolina, most of whom have had contact with Amanda; only one of plaintiff's relatives in Indiana had seen Amanda; Amanda has attended church in North Carolina since before her first birthday; and Amanda has never been to Indiana. The North Carolina trial court concluded that the Indiana orders did not substantially comply with the UCCJA because Amanda did not have substantial connections with Indiana.

We find no error in the trial court's conclusion that the Indiana orders as to Amanda did not substantially conform with the mandates of the UCCJA.

We further find that the trial court did not err in concluding that North Carolina had authority to exercise jurisdiction as to Amanda. The trial court found that Amanda had lived in North Carolina her entire life and concluded that North Carolina was Amanda's home state. Pursuant to N.C. Gen. Stat. § 50A-3(a)(1), a North Carolina court could assume jurisdiction if Amanda lived in North Carolina for six months prior to the commencement of the proceeding. The trial court also made the requisite finding that it is in Amanda's best interest that North Carolina assume jurisdiction over the child custody determination.

In summary, the trial court's order is affirmed as to Amanda. As to Amber, the trial court's order is reversed, and the cause is remanded for a determination as to jurisdiction.

Affirmed in part, reversed in part, and remanded.

Judges EAGLES and WYNN concur.